In the Matter of U.S.A. Motel Corporation, a California Corporation, Debtor.

**U.S.A. MOTEL CORPORATION, et al., Appellants,**

v.

**Curtis B. DANNING, Trustee, et al., Appellees.**

Nos. 73–3224, 74–1179.

United States Court of Appeals, Ninth Circuit.

Aug. 8, 1975.

The foregoing does not impair the validity of *Noorlander* for the purpose for which it is cited.

George M. Treister (argued), Los Angeles, Cal., for appellants.

Martin Gendel (argued), Los Angeles, Cal., Robert Driscoll (argued), South Pasadena, Cal., for appellees.

## OPINION

Before WRIGHT and CHOY, Circuit Judges, and SOLOMON,* District Judge.

PER CURIAM:

In an earlier appeal, we reversed the trial court and dismissed the petition of U.S.A. Motel Corporation for reorganization under Chapter X of the Bankruptcy Act on the ground that it was not filed in good faith. We found that U.S.A.

* Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

Motel Corporation was not insolvent and that the proceedings were filed for two improper purposes: the liquidation of corporate assets and the resolution of internal disputes among shareholders. *In re U.S.A. Motel Corporation,* 450 F.2d 499 (9th Cir. 1971).

Upon remand, the District Court awarded:

$11,650 to the attorney for the petitioner;

$12,500 to the trustee;

$10,500 to the trustee's attorney;

$2,500 to the referee/special master. The District Court ordered these amounts to be paid by U.S.A. Motel Corporation, which is solvent.

The board of U.S.A. Motel Corporation is now controlled by a group of stockholders who opposed the Chapter X proceedings and who now contend that no compensation should be awarded because of this Court's holding that the proceedings were not filed in good faith. In the alternative, they contend that the allowances were excessive.

■ The dismissal of a Chapter X petition for lack of good faith will not necessarily bar the award of compensation. *See* 6A Collier ¶ 13.03[1] at 924, *Smith v. Central Trust Co.,* 139 F.2d 733 (4th Cir. 1944), *on remand from, Fidelity Assurance Association v. Sims,* 318 U.S. 608, 63 S.Ct. 807, 87 L.Ed. 1032 (1943). We believe that compensation was appropriate in this case. When the petition was filed, the directors believed, although erroneously, that U.S.A. Motel Corporation was insolvent and could not meet its unsecured obligations. In addition, both the referee special master and the District Court denied motions to dismiss.

■ Nevertheless, the attorney for the debtor in a Chapter X proceeding is entitled to compensation from the estate only for services which benefited the estate. 6A Collier ¶ 13.04 at 940; *In re*

*Porto Rican American Tobacco Co.,* 117 F.2d 599 (2d Cir. 1941). The trustee, his attorney, and the referee/special master are entitled to reasonable compensation. 11 U.S.C. § 641.

■ In our view, the $2,500 awarded the referee/special master is reasonable. We also hold that the award of $10,500 to the trustee's attorney, for almost 350 hours work, is reasonable.

■ We have considered the work performed by the trustee. The award of $12,500 for 200 hours work ($62.50 an hour) is grossly excessive. We hold that a fee of $35.00 an hour, or a total of $7,000, is adequate considering the nature of his responsibilities, and reduce the award to that amount.

■■ We find that the award of $11,650 to the petitioner's attorney is grossly excessive. His services were of questionable benefit to the petitioner. He devoted 326.75 hours to the proceedings, but most of his compensable hours were spent filing the petition and defending the motion to dismiss. He argues that the abortive proceedings gave U.S.A. Motel Corporation "breathing time" and established that U.S.A. Motel Corporation's land was extremely valuable. U.S.A. Motel Corporation has always been able to meet its obligations, and the value of the land could have been established without the proceedings. When a Chapter X proceedings is unsuccessful, the debtor's attorney should receive less than he would if the reorganization is successful. *See In re William J. Lemp Brewing Co.,* 45 F.Supp. 400 (E.D.Ill. 1942). We hold that the compensation of the petitioner's attorney should be reduced to $5,000.

This case is remanded to the District Court for entry of a judgment, without interest, in accordance with this opinion. Each party shall bear his own costs on appeal.

Modified.