**In the Matter of IOTA INDUSTRIES, INC., Bankrupt.**

**Bankruptcy No. 77 B 1993 (EJR).**

United States Bankruptcy Court, S.D. New York.

June 20, 1984.

Robert P. Herzog, receiver, New York City.

Reboul, MacMurray, Hewitt, Maynard & Kristol, New York City, for trustee; David S. Elkind, New York City, of counsel.

## DECISION ON FEE APPLICATION OF RECEIVER

EDWARD J. RYAN, Bankruptcy Judge.

Iota Industries, Inc. (Iota) filed its voluntary petition in bankruptcy on July 25, 1977. On July 26, 1977, Robert P. Herzog was appointed receiver.

An involuntary petition for reorganization of Iota under Chapter X of the Act was filed by United States Trust Company and Chemical Bank on July 29, 1977.

On November 2, 1977, Mr. Herzog was appointed reorganization receiver of the property and effects of the bankrupt.

By order dated July 10, 1978, the court dismissed the petition for reorganization and adjudicated Iota bankrupt under Chapter VII. Mr. Herzog was subsequently superseded by Bart Tiernan III as trustee in bankruptcy.

Mr. Herzog, in his "Supplemental Final Report and Account" dated January 23, 1984, now requests an allowance of $25,000 as compensation for the 114.4 hours he spent in the administration of the estate.

The trustee asserts that as a reorganization receiver, Mr. Herzog acted as a mere custodian of Iota's assets and furthermore, that Iota was a classic "no asset case."

The trustee argues that in light of the receiver's limited role as a custodian, his fees should be subject to the limitations of section 48 of the Bankruptcy Act which govern the compensation payable to a bankruptcy receiver as opposed to a reorganization receiver.

The trustee claims that even without the limitations of section 48 the receiver's fees should be no more than $2,500.

Mr. Herzog in his supplemental report shows that he was actively involved in initiating and participating in investigations relating to the preservation and recovery of estate assets. Included in the supplemental report is a descriptive summary of the type of work performed and the time expended by Mr. Herzog. No useful purpose would be served by repeating the salient facts in this decision. Suffice it to note here that he assumed responsibility for the

proper preliminary administration of a substantial estate. He carried that responsibility.

A review of Mr. Herzog's activities demonstrates that he is entitled to more than the parsimonious award suggested by the ·trustee. It is clear that the mere dismissal of the Chapter X proceedings for reorganization of Iota does not bar compensation of a receiver under section 241 of the Bankruptcy Act. *See USA Motel Corporation v. Danning,* 521 F.2d 117 (9th Cir.1975).

Section 241 provides:

The judge may allow reimbursement for proper costs and expenses incurred by the petitioning creditors and reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred in a proceeding under this chapter—

\*    \*    \*    \*    \*    \*

(3) by the trustee and other officers, and the attorneys/or any of them, \* \* \*.

Giving close scrutiny to the facts in the light of controlling standards, the court finds that the sum of $10,000 is reasonable compensation for the services rendered by Robert P. Herzog.

Settle an appropriate order.