**In re UNIVERSAL FARMING INDUSTRIES, Debtor.**

**George C. SPACEK;  Ana Spacek, Plaintiffs–Appellants,**

**v.**

**Kewmars TABATABAY, Defendant–Appellee.**

**No. 88–5759.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 8, 1988.

Decided May 8, 1989.

Leon L. Vickman, Encino, Cal., for plaintiffs-appellants.

Michael Anthony Cisneros and Charles T. Morrison, Jr., Inc., Los Angeles, Cal., for defendant-appellee.

Before WALLACE, POOLE and O'SCANNLAIN, Circuit Judges.

O'SCANNLAIN, Circuit Judge:

George C. and Ana Spacek appeal the Bankruptcy Appellate Panel's determination that a suit brought by Kewmars Tabatabay, requesting the declaration of priority of his note and deed of trust over the Spaceks' note and deed of trust, was not moot. We reverse.

FACTS AND PRIOR PROCEEDINGS

Universal Farming Industries ("UFI"), a California corporation, filed a petition under Chapter 11 of the bankruptcy code on January 11, 1983. In September 1985, Kewmars Tabatabay, the president of UFI, brought an action in bankruptcy court seeking a declaration that a second deed of trust securing a $150,000 promissory note made by UFI to California Valley Ranch ("CVR") should be subordinated to a deed of trust securing a $220,000 promissory note made by UFI to Tabatabay. Tabatabay alleged that in an amendment to escrow, dated March 11, 1981, CVR and UFI agreed that at the option of UFI, CVR would subordinate its note and deed of trust to that of Tabatabay, and that UFI had exercised this option. George Spacek, CVR's president and sole shareholder, contended that the subordination agreement was unenforceable due to lack of consideration. Therefore, the Spaceks contended, the deed of trust securing the $150,000 promissory note made to CVR had priority over the deed of trust securing the note made by UFI to Tabatabay.

Agreeing with the Spaceks' reasoning, the bankruptcy court granted its motion for summary judgment on January 3, 1986, holding that the CVR note and deed of trust had priority over the Tabatabay note

and deed of trust. This decision was appealed to the Bankruptcy Appellate Panel for the Ninth Circuit ("BAP"). On January 29, 1987, Spacek apparently bought the note and trust deed originally held by Tabatabay.[1] On September 8, 1987, while the appeal was pending, a number of creditors, including the Spaceks and the debtor, entered into a stipulation dismissing the Chapter 11 case.

On October 14, 1987, the BAP found that there was a genuine issue as to the material facts surrounding the execution of the amendment, and concluded that the Spaceks were not entitled to summary judgment. The BAP also concluded that the case was not moot, and reversed and remanded for a trial on the merits.

The Spaceks filed a notice of appeal to this court on October 20, 1987. On the same date, the Spaceks moved for a rehearing before the BAP. This court held that it did not have jurisdiction while the motion for rehearing was pending before the BAP and dismissed that appeal. *See In re Universal Farming Indus.*, No. 87–6569 (9th Cir. Feb. 19, 1988); Bankr. R. 8015. The BAP denied appellants' motion for rehearing on February 22, 1988.

The Spaceks timely appealed from that final order of the BAP.

## DISCUSSION

Appellant contends that because the underlying bankruptcy case has been dismissed by stipulation of the parties, the case was moot, and therefore the BAP lacked jurisdiction to hear the appeal. Cases involving similar issues suggest that the determination of whether a case or controversy remains after the dismissal of a bankruptcy case depends on whether the issue being litigated directly involves the reorganization of the debtor's estate. *See In re Omoto*, 85 B.R. 98, 100 (9th Cir.BAP 1988); *In re Dahlquist*, 751 F.2d 295, 298 (8th Cir.1985). When the issue being litigated directly involves the debtor's reorganization the case is mooted by the dismissal of the bankruptcy. Thus, for example, an

appeal of a denial of a motion to reimpose the automatic stay under 11 U.S.C. § 362(a) was dismissed as moot on the dismissal of the bankruptcy case. *In re Income Property Builders*, 699 F.2d 963, 964 (9th Cir. 1982). However, if the issue is ancillary to the bankruptcy, the dismissal of the petition does not necessarily cause the case to become moot. For example, this court held that the dismissal of a petition in bankruptcy did not bar an application for compensation for services rendered in connection with the bankruptcy. *See U.S.A. Motel Corp. v. Danning*, 521 F.2d 117 (9th Cir. 1975).

The BAP found that a live issue, peripheral to the bankruptcy case, survived the dismissal of the Chapter 11 case. The BAP's reasoning that a live controversy existed as to the value of the Tabatabay note and trust deed was based on the following scenario. If after a trial on the merits, the bankruptcy court determined that there was consideration for the amendment, then the priorities of the notes would be reversed, with the Spacek note and trust deed subordinate to that of Tabatabay. Tabatabay could then present evidence as to damages suffered because the Tabatabay note and trust deed were originally declared subordinate to the CVR note and trust deed. The measure of such damages would be the difference between the fair market value of the note and the ten dollars actually paid for it at the sheriff's sale. Thus, the BAP concluded, the live controversy required by article III is established by the remaining controversy as to the value of the Tabatabay note and trust deed. We disagree with this application of the principles of mootness, and thus reverse.

## CONCLUSION

A case is moot and thus not justiciable if it has lost "its character as a present, live controversy of the kind that must exist if [the courts are] to avoid advisory opinions on abstract propositions of law." *Hall v. Beals*, 396 U.S. 45, 48, 90 S.Ct. 200, 201, 24 L.Ed.2d 214 (1969) (per curiam) (citations

---

1. There is some factual confusion as to whether the instruments purchased by Spacek were those owned by Tabatabay. However, Tabata-

bay appears to concede that his note was sold at a sheriff's sale and does not dispute that it was purchased by Spacek.

omitted). Although in the instant case a controversy may exist about the value of the note and deed of trust, such controversy is at this stage a purely hypothetical one. There is no allegation that an action requiring such value to be determined either has or will be brought. The only action currently before the court is one to determine the relative priorities of the two notes and deeds of trust. The outcome of this action has no immediate legal significance, as the same person owns both. The relative priorities of the notes would be legally relevant only to determine damages if Tabatabay later brings a suit contending that the price paid by Spacek for the note and deed of trust was too low. Therefore, we find that the case is moot.

As the Supreme Court has stated recently, when mootness evolves on appeal "the judgment below normally is vacated with directions to dismiss the complaint." *City of Mesquite v. Aladdin's Castle, Inc.,* 455 U.S. 283, 288 n. 9, 102 S.Ct. 1070, 1074 n. 9, 71 L.Ed.2d 152 (1982) (citation omitted). We therefore vacate the judgment below, and remand with directions to dismiss.

Because we have determined that the case is moot, we do not address the other issues raised on appeal.

REVERSED and REMANDED with directions to dismiss.