**LEADER NATIONAL INSURANCE COMPANY, Plaintiff–Appellee,**

v.

**INDUSTRIAL INDEMNITY INSURANCE COMPANY, a California Corporation, Defendant–Appellant.**

Nos. 93–35921, 94–35005.

United States Court of Appeals, Ninth Circuit.

Submitted to Motions Panel March 8, 1994.

Decided March 16, 1994.

Stewart Andrew Estes, Keating, Bucklin & McCormack, Seattle, WA, for plaintiff-appellee.

Mark S. Northcraft and Eileen I. McKillop, Northcraft, Tierney & Hilleman, Seattle, WA, for defendant-appellant.

Before: FLETCHER, BRUNETTI and TROTT, Circuit Judges.

Appellee has filed a motion to dismiss appeal no. 93–35921 for lack of jurisdiction. Appellee contends that the notice of appeal was filed during the pendency of a timely Fed.R.Civ.P. 59 motion to amend the judg-

ment, and, therefore, under the Appellate Rules in effect at the time, the notice of appeal is a nullity. *See* Fed.R.App.P. 4(a)(4); *Griggs v. Provident Consumer Discount*, 459 U.S. 56, 60, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982).

■ Effective December 1, 1993, however, the applicable provisions of Rule 4(a)(4) were amended. Rule 4(a)(4) now provides that "[a] notice of appeal filed after announcement or entry of the judgment but before disposition of any of the ... [specified post-judgment] motions is ineffective to appeal from the judgment or order, or part thereof, specified in the notice of appeal, until the date of the entry of the order disposing of the last such motion outstanding." Fed.R.App.P. 4(a)(4). Thus, a notice of appeal filed while a Fed.R.Civ.P. 59 motion is pending is no longer a nullity, but, rather, is merely held in abeyance until the motion is resolved. *Id.; Burt v. Ware*, 14 F.3d 256, 258 (5th Cir.1994) (per curiam).

■ The Supreme Court has ordered that the amended Rules "shall govern all proceedings in appellate cases [commenced after December 1, 1993] and, insofar as just and practicable, all proceedings in appellate cases then pending." Supreme Court Order, Amendments to the Federal Rules of Appellate Procedure, 113 S.Ct. [preliminary pages at 819]; 147 F.R.D. 287, 290 (Apr. 22, 1993).

We conclude that retroactive application of the amended provisions of Fed.R.App.P. 4(a)(4) is appropriate in this appeal. *See Burt v. Ware*, 14 F.3d at 258 (holding that the amended Rules should apply retroactively unless to do so would work injustice). Accordingly, appellee's motion to dismiss appeal no. 93–35921 for lack of jurisdiction is denied.