39 F.3d 1166
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Berenice Mary GORCZAKOSKI, Appellant,
v.
EASTERN AIRLINES FEDERAL FINANCIAL CREDIT UNION, INC., Appellee.
 No. 94-1499.
 United States Court of Appeals,
First Circuit.
 Oct. 28, 1994
 
 Appeal from the Unites States District Court for the District of Massachusetts, [Hon. Douglas P. Woodlock, U.S. District Judge]
 Berenice Mary Gorczakoski on brief pro se.
 Geoffrey P. Wermuth and Murphy, Hesse, Toomey & Lehane on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before CYR, BOUDIN and STAHL, Circuit Judges.
 Per Curiam.
 
 
 1
 Plaintiff has appealed from an order of the bankruptcy court granting relief from the automatic stay in her Chapter 7 bankruptcy proceeding. While this appeal was pending before the district court, plaintiff's Chapter 7 petition was dismissed by the bankruptcy court; no appeal from such dismissal was ever filed. We agree with the district court that, once the dismissal of the underlying bankruptcy proceeding became final, the instant appeal became moot. As the court stated under analogous circumstances in In re Income Property Builders, Inc., 699 F.2d 963 (9th Cir. 1982) (per curiam):
 
 
 2
 [T]he automatic stay provided in 11 U.S.C. Sec. 362(a) was dependent upon the operation of the bankruptcy law, and that law was pertinent only because of the existence of the proceeding in bankruptcy.... Any power that we have with respect to the stay is derived from our appellate power in bankruptcy matters. Once the bankruptcy was dismissed, a bankruptcy court no longer had power to order the stay or to award damages allegedly attributable to its vacation. A remand by us to the bankruptcy court would therefore be useless.
 
 
 3
 Id. at 964; accord, e.g., Olive Street Invest., Inc. v. Howard Savings Bank, 972 F.2d 214, 215-16 (8th Cir. 1992) (per curiam); In re Universal Farming Indus., 873 F.2d 1332, 1333 (9th Cir. 1989); cf. In re Public Service Co. of New Hampshire, 963 F.2d 469, 471 (1st Cir.) (noting that mootness obtains "where no effective remedy can be provided"), cert. denied, 113 S. Ct. 304 (1992).
 
 
 4
 We likewise agree that, in any event, the bankruptcy judge did not abuse its discretion in granting relief from the automatic stay.
 
 
 5
 The judgment dismissing the appeal on the ground of mootness is affirmed. The motion to reconsider hearing oral argument is denied.