In re PRC–PATTERSON, INC., Debtor.

ENVIROPUR WASTE REFINING AND TECHNOLOGY, INC., Appellant,

v.

PRC–PATTERSON, INC., Appellee.

BAP No. CC–94–1888.

Bankruptcy No. LA 93–27332.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Nov. 21, 1994.

Before HAGAN, VOLINN and JONES, Bankruptcy Judges.

## ORDER

On September 12, 1994, the Bankruptcy Appellate Panel Clerk's office issued a Notice of Deficient Appeal and Possible Dismissal in this appeal because the notice of appeal was filed beyond the ten day time period allowed by Federal Rule of Bankruptcy Procedure 8002.

Appellant's response to the notice of deficiency has been received and reviewed. The record indicates that the notice of appeal was filed on July 12, 1994 from an order entered on April 29, 1994. A motion for new hearing was timely filed on May 9, 1994 which, under Federal Rule of Bankruptcy Procedure 8002(b), tolled the time for appeal until entry of an order disposing of the motion for a new hearing. Rule 8002(b) as then in effect required the appellant to file a new notice of appeal or an amended notice of appeal within ten days of the order disposing of the motion. The record indicates that an order denying reconsideration was entered on July 29, 1994. No new notice of appeal was filed and, pursuant to Rule 8002(b) as then in effect, the panel would lack jurisdiction over this appeal.

However, Federal Rule of Bankruptcy Procedure 8002(b) was amended, effective August 1, 1994. The amendment has the effect of suspending a notice of appeal filed before the resolution of a post-judgment motion such as this one. The premature notice of appeal ripens on the date the order disposing of the post-judgment motion is entered and is no longer considered a nullity unless the post-judgment order is also being appealed.

Because Rule 8002 contains language similar to Rule 4 of the Federal Rules of Appellate Procedure, and the Ninth Circuit has ruled that the panel shall construe them in the same manner, *In re Crystal Sands Properties,* 84 B.R. 665, 667 (9th Cir. BAP 1988), we apply and construe amended Federal Rule of Bankruptcy Procedure 8002 retroactively, preserving the appeal, insofar as just and practicable. *See Leader National Ins. Co. v. Industrial Indemnity Ins. Co.,* 19 F.3d 444 (9th Cir.1994); *Wallis v. J.R. Simplot Co.,* 26 F.3d 885 (9th Cir.1994).

The panel finds that the notice of deficiency is SATISFIED. Prosecution of this appeal may proceed.