145 F.3d 1339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sammy LEE, Plaintiff-Appellee,
v.
Frederic A. LEON GUERRERO; Erlinda F. Leon Guerrero,
Defendants-Appellants.
 No. 97-15397.
D.C. No. CV-95-00044-ARM.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 7, 1998**.
Decided May 15, 1998.
 
 Appeal from the United States District Court for the District of Northern Mariana Islands Alex R. Munson, Chief Judge, Presiding.
 Before BROWNING, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Frederic and Erlinda Leon Guerrero appeal the district court's denial of their motion for judgment as a matter of law or a new trial and the court's grant of Sammy Lee's motion for judgment as a matter of law following a six-day jury trial in a diversity action brought by Lee. We have jurisdiction, 48 U.S.C. §§ 1424-3(c) and 1824(b), and affirm in part and reverse in part.
 
 
 3
 * Lee argues that we lack jurisdiction to hear this appeal because the Leon Guerreros failed to file their notice of appeal from the district court's January 3, 1997 Order Re: Post-Trial Motions in time. We disagree, as the notice of appeal was timely when filed. See George v. Camacho, 119 F.3d 1393, 1395-96 & 1404 (9th Cir.1997) (en banc); Commonwealth of Northern Mariana Islands v. Mendiola, 976 F.2d 475, 480 n. 4 (9th Cir.1992).
 
 
 4
 Even if the court's February 4, 1997 Judgment were the final appealable order, the Leon Guerreros' February 4, 1997 notice of appeal was sufficient to appeal from the October 3, 1996 Judgment and the January 3, 1997 Order. See Leader Nat'l Ins. Co. v. Industrial Indem. Ins. Co., 19 F.3d 444, 445 (9th Cir.1994) (notice of appeal filed while a Fed.R.Civ.P. 59 motion is pending is merely held in abeyance until the motion is resolved).
 
 II
 
 5
 The Leon Guerreros argue that the district court erred in denying their motion for judgment as a matter of law or new trial with respect to the Sik, Cha/Choi, and Ahn/Choi leases because the evidence (outlined in their brief) supports their position. They also contend that the Exclusive and the Extended Exclusive are ambiguous and that the parties' conduct clearly shows that they intended Lee's commission to be paid as rental payments were received. We have carefully reviewed the record. Viewing the evidence as a whole and in the light most favorable to Lee, we cannot say that the evidence on the leases and the bad faith, breach of fiduciary duty, and fraud claims permits only one conclusion and that conclusion is contrary to the jury's. See Bank of the West v. Valley Nat'l Bank, 41 F.3d 471, 477 (9th Cir.1994). Lee and the Leon Guerreros painted contradictory pictures at trial. The jury was called upon to make classic credibility determinations. Lee's testimony indicates that he was to receive ten percent of the total selling price of the fifty-five years at the time the leases were signed; Mr. Guerrero testified to the contrary. The evidence was similarly in conflict about the subsequent actions and knowledge of the parties. Mr. Leon Guerrero's credibility and sincerity was called into question during the trial and Lee presented substantial evidence to support the jury's determination that he is entitled to a lump sum payment of his commission. The jury was entitled to credit Lee's version of events. Therefore, the district court did not err in denying the Leon Guerreros' motion for judgment as a matter of law or for a new trial.
 
 III
 
 6
 Essentially for the same reason, we agree with the Leon Guerreros' contention that the district court should not have granted Lee's motion for judgment as a matter of law on his right to commission on the Chuan lease. Again, the jury was called upon to make credibility determinations. Viewing the evidence as a whole in the light most favorable to the Leon Guerreros, including the Chuan lease itself, which stated that Lee would be paid part of his commission in installments from Chuan rather than in a lump sum payment from the Leon Guerreros, a reasonable jury could have concluded that Lee was not entitled to a lump sum commission on the Chuan lease. For this purpose it does not matter that the jury also found that Lee had not breached any of his contractual agreements and had not engaged in bad faith, breached his fiduciary duty or committed fraud in connection with the Chuan lease. As there was evidence that his commission was payable (and was paid) as rent was received, the jury could reasonably conclude that Lee was not entitled to a lump sum commission on the Chuan lease.
 
 IV
 
 7
 Lee's request for sanctions and attorneys fees is denied. The Leon Guerreros' appeal was not frivolous, nor was their brief incomprehensible. Cf. In re Universal Farming Indus., 873 F.2d 1332, 1337 (9th Cir.1989).
 
 
 8
 Each party shall bear its own costs.
 
 
 9
 AFFIRMED IN PART; REVERSED IN PART.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3