**James JOHNSON, Jr., Plaintiff— Appellant,**

v.

**LOS ANGELES POLICE DEPART- MENT, Southeast Precinct; et al., Defendants—Appellees.**

No. 06–55623.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 22, 2007.*

Filed Nov. 20, 2007.

James Johnson, Jr., Northwest Correctional Complex, Tiptonville, TN, for Plaintiff–Appellant.

Blithe S. Bock, Esq., Los Angeles City Attorney's Office, City Hall East, Los Angeles, CA, for Defendant–Appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: B. FLETCHER, WARDLAW, and IKUTA, Circuit Judges.

MEMORANDUM **

James Johnson, Jr., a Tennessee state prisoner, appeals pro se from the district court's judgment in favor of defendants following a bench trial in Johnson's 42 U.S.C. § 1983 action alleging that defendants used excessive force in violation of the Fourth Amendment, and invaded his privacy in violation of the Fourteenth Amendment. We have jurisdiction under 28 U.S.C. § 1291. *See Leader Nat'l Ins. Co. v. Indus. Indem. Ins. Co.,* 19 F.3d 444, 445 (9th Cir.1994) (per curiam). We review the district court's conclusions of law following a bench trial de novo and its findings of fact for clear error. *Twentieth Century Fox Film Corp. v. Entm't Distrib.,* 429 F.3d 869, 879 (9th Cir.2005). We affirm.

The district court did not err in concluding that Johnson failed to demonstrate that defendants used excessive force in arresting him. *See Graham v. Connor,* 490 U.S. 386, 395–97, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) (setting forth the objective reasonableness standard). The district court did not err in concluding that Johnson failed to prove by a preponderance of the evidence that defendants invaded his privacy by forging his signature on a medical release form.

The district court did not abuse its discretion in denying Johnson's motion for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) because Johnson failed to demonstrate exceptional circumstances. *See Rand v. Rowland,* 113 F.3d 1520, 1525 (9th Cir.1997).

The district court did not abuse its discretion in denying Johnson's motion for

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

appointment of a handwriting expert because this action did not involve complex scientific evidence or issues. *See McKinney v. Anderson,* 924 F.2d 1500, 1511 (9th Cir.1991), *vacated on other grounds sub. nom., Helling v. McKinney,* 502 U.S. 903, 112 S.Ct. 291, 116 L.Ed.2d 236 (1991).

We lack jurisdiction to review the district court's order denying in part and granting in part Johnson's Fed.R.Civ.P. 59 motion because Johnson failed to file an amended notice of appeal. *See* Fed. R.App. P. 4(a)(4)(B)(ii).

We deny Johnson's motion to revest jurisdiction in the district court to entertain his Fed.R.Civ.P. 60(b) motion. *See Crateo, Inc. v. Intermark, Inc.,* 536 F.2d 862, 869 (9th Cir.1976). We deny Johnson's remaining outstanding motions.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.