NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>CHRISTIAN ALEXANDER THEROUX<br>and FRANCESCA I. THEROUX,<br>　　　　　Debtors. | BAP No. NC-20-1272-BSF<br><br>Bk. No. 19-52045-HLB |
| STEPHEN A. MAGIDA, as Trustee of The<br>Gerhard R. Andlinger Irrevocable Trust,<br>　　　　　Appellant,<br>v.<br>CHRISTIAN ALEXANDER THEROUX;<br>FRANCESCA I. THEROUX,<br>　　　　　Appellees. | **MEMORANDUM*** |

Appeal from the United States Bankruptcy Court
for the Northern District of California
Hannah L. Blumenstiel, Bankruptcy Judge, Presiding

Before: BRAND, SPRAKER, and FARIS, Bankruptcy Judges.

Christian and Francesca Theroux filed their chapter 13[1] bankruptcy case

on October 8, 2019. Prior to the petition date, the Therouxs borrowed $200,000

from Mr. Theroux's uncle, Gerhard R. Andlinger, as evidenced by an

---

* This disposition is not appropriate for publication. Although it may be cited for
whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential
value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the
Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules
of Bankruptcy Procedure.

unsecured promissory note signed by the Therouxs. The Therouxs made only some of the loan payments before filing for bankruptcy.

During the plan confirmation process, Stephen A. Magida, as Trustee of The Gerhard R. Andlinger Irrevocable Trust ("Trust"), filed objections to the Therouxs' proposed plans, arguing that the case and plans were filed in bad faith, that the plans failed to meet the liquidation test, and that the Therouxs, who were above-median-income debtors, were not committing all of their disposable income to the plans. The Trust's primary complaint was that the Therouxs were spending $600.00 per month on a luxury timeshare rather than paying their unsecured creditors.

After some oral rulings and plan revisions, the bankruptcy court entered a final order overruling the Trust's remaining objections and confirming the Therouxs' chapter 13 plan, which allowed the $600.00 monthly timeshare expense. The Trust timely appealed the confirmation order and the bankruptcy court's prior rulings on confirmation issues.

While this appeal was pending, on April 27, 2021, the chapter 13 trustee served the Therouxs with a notice of default under their plan and demand for cure.[2] The Therouxs were given 21 days to cure their missed plan payments or risk having the bankruptcy case dismissed. When the Therouxs failed to respond, on May 25, 2021, the chapter 13 trustee filed a notice of intent to dismiss. The Therouxs again did not respond. Thereafter, the chapter 13

---

[2] We exercise our discretion to take judicial notice of documents electronically filed in the bankruptcy court, where appropriate. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

trustee moved to dismiss the case. On June 10, 2021, the bankruptcy court entered an order dismissing the Therouxs' case. No party appealed the dismissal order, and the time for an appeal has run. Rule 8002(a) & (d).

We lack jurisdiction over the Trust's appeal if dismissal of the Therouxs' bankruptcy case rendered it moot. U.S. CONST., art. III, § 2; *see also United States v. Pattullo (In re Pattullo)*, 271 F.3d 898, 900 (9th Cir. 2001) ("If a case becomes moot while pending on appeal, it must be dismissed."); *Cook Inlet Treaty Tribes v. Shalala*, 166 F.3d 986, 989 (9th Cir. 1999) (federal courts have no jurisdiction to hear a case where no actual or live controversy exists).

"[W]hether a case or controversy remains after the dismissal of a bankruptcy case depends on whether the issue being litigated directly involves the reorganization of the debtor's estate." *Spacek v. Tabatabay (In re Universal Farming Indus.)*, 873 F.2d 1332, 1333 (9th Cir. 1989) (citations omitted). "When the issue being litigated directly involves the debtor's reorganization the case is mooted by the dismissal of the bankruptcy." *Id.*

The Trust's appeal challenging the plan confirmation order directly involves the debtor's reorganization and is entirely dependent on the existence of the chapter 13 case. Without a case, there is no plan, and hence no controversy between the parties.

Accordingly, this appeal is moot, and we must DISMISS it.