**In the Matter of Adalberto GARCIA, Debtor.**

**Bankruptcy No. 88–10552.**

United States Bankruptcy Court, N.D. Indiana, Fort Wayne Division.

Jan. 30, 1990.

David Glickfield, Marion, Ind., for debtor.

Donald Aikman, Fort Wayne, Ind., U.S. Trustee.

## DECISION

ROBERT E. GRANT, Bankruptcy Judge.

This case began with debtor's petition for relief under Chapter 13 on June 27, 1988. On October 7, 1988, the court denied confirmation of a proposed plan.

At a status conference held on September 6, 1989, it came to the court's attention that debtor had not filed any further plan following the denial of confirmation. As a result, by an order entered on September 28, 1989, the court ordered debtor to file a Chapter 13 plan within fifteen (15) days.

This order further provided that the failure to do so would result in dismissal without further notice or hearing.

Debtor failed to comply with the order of September 28 and did not file any further plan. Accordingly, on October 20, 1989, the court entered an order dismissing this case without prejudice. This order was served upon the debtor, his counsel, and all parties in interest.

This matter is now before the court on two motions filed on behalf of the debtor on January 22, 1990. The first motion asks the court to reopen the case and, apparently pursuant to Bankruptcy Rule 9024, vacate the order of dismissal. The second motion asks that the case be converted from Chapter 13 to Chapter 7. For the reasons set forth below, the court denies debtor's motion to reopen. The motion to convert is therefore moot.

■ Pursuant to 11 U.S.C. § 350(b), a bankruptcy case may be reopened for various reasons. Such a motion, however, necessarily contemplates that the proceedings have been "closed" in accordance with 11 U.S.C. § 350(a). As the Ninth Circuit has observed, an order dismissing a bankruptcy is very different from an order closing it. *See In re Income Property Builders, Inc.,* 699 F.2d 963, 965 (9th Cir.1982). An order closing a bankruptcy case contemplates that the bankruptcy proceedings and administration of the estate have been completed. An order of dismissal, however, terminates a bankruptcy proceeding for reasons other than the completed administration of the estate.

[A] bankruptcy is normally closed after the bankruptcy proceedings are completed.... A bankruptcy is reopened under 11 U.S.C. § 350(b), not to restore the pre-bankruptcy status, but to continue the bankruptcy proceeding. The word 'reopened' used in Section 350(b) obviously relates to the word 'closed' used in the same section. In our opinion a case cannot be reopened unless it has been closed. An order dismissing a bankruptcy case accomplishes a completely different result than an order closing it would and is not an order closing. *Id.* at 965.

This court agrees with the Ninth Circuit's observations. To do otherwise would make dismissal an almost meaningless act, since the court would be required to reinstate a dismissed case upon being presented with some articulated "cause" for reopening it. Accordingly, we hold that a case which has been dismissed may not be reopened pursuant to 11 U.S.C. § 350(b). As such, debtor's motion to reopen should be denied.

■ The court has also construed debtor's motion to reopen as a motion to vacate the order of dismissal, pursuant to Bankruptcy Rule 9024. This rule essentially makes most of the provisions of Rule 60 of the Federal Rules of Civil Procedure applicable to bankruptcy proceedings. Such a motion is addressed to the sound of discretion of the court.

It appears that counsel has premised the motion upon Rule 9024(b)(1), which authorizes the court to relieve a party from a final judgment or order due to "mistake, inadvertence, surprise, or excusable neglect." Counsel's motion represents that the dismissal of this case was "caused by debtor's failure to fulfill his proposed Chapter 13 plan, that such failure was inadvertent and a surprise to counsel, in that counsel had previously expected to fulfill the said debtor's chapter 13 plan."

Counsel has misconstrued or mischaracterized the reasons for the dismissal of this case. Dismissal had nothing to do with debtor's failure to fulfill the terms of his plan. Indeed, the court had denied confirmation of the only plan that had every been filed. As a result, on September 28, 1989, after this case had been pending for more than one year, there was no plan before the court for consideration. Because of this, the order of that date required debtor to file a plan within fifteen days upon pain of dismissal. It is debtor's failure to comply with this requirement—to file a plan— which led to dismissal. *See* 11 U.S.C. § 1307(c)(3) & (5).

The order of September 28, 1989 clearly advised the debtor of what was expected of him and identified the consequences of the

failure to fulfill those obligations. Given this, the fact that the court dismissed this case after debtor failed to fulfill those obligations can hardly be characterized as surprise, unless we are asked to operate upon the assumption that the court's enforcement of its own order is, in and of itself, surprising.

In addition to demonstrating a cause for relief from an order or judgment, Rule 9024 also requires that the motion be filed within a reasonable time. In this instance, the case was dismissed by the court's order of October 20, 1989, which was not appealed. Notice of the order of dismissal was served upon the debtor, debtor's counsel, and all parties in interest by the clerk of this court on the same date. Despite this, it was not until more than three months following the order of dismissal that debtor seeks to be relieved of it. No reason has been advanced to explain or justify this delay. Under the circumstances, the court concludes that the debtor's motion has not been filed within a reasonable time.

An appropriate order will be entered.