**In re STATISTICAL TABULATING CORPORATION, INC., Debtor.**

**UNITED STATES of America, Appellant,**

**v.**

**LASALLE BANK LAKEVIEW, Appellee.**

**Bankruptcy No. 93 C 2690.**

United States District Court,
N.D. Illinois, Eastern Division.

March 21, 1994.

---

Scott H. Harris, U.S. Dept. of Justice, Washington, DC, for U.S.

Jerome B. Kalish, Chicago, IL, for Statistical Tabulating Corp., Inc.

Bret A. Rappaport and Paula K. Jacobi, Schwartz Cooper Kolb & Gaynor, Chicago, IL, for LaSalle Bank Lakeview.

### *MEMORANDUM OPINION AND ORDER*

ANN CLAIRE WILLIAMS, District Judge.

This case is an appeal from an Order entered on February 12, 1993, by the Judge Thomas James in bankruptcy case No. 90 B 3686. In that Order, the Judge denied the United States' motion to reopen the bankruptcy case on the grounds that it was without jurisdiction to do so. This court has jurisdiction over the appeal pursuant to 28 U.S.C. § 158. For the reasons stated below, the court affirms the decision of the bankruptcy court.

### *Standard of Review*

■ Whether the bankruptcy court had jurisdiction to re-open the case is a question of law to be reviewed *de novo. In re Jogert, Inc.,* 950 F.2d 1498, 1501 (9th Cir.1991).

### *Background*

The underlying bankruptcy case began on February 27, 1990, when Statistical Tabulating Corporation ("Stat–Tab") filed a petition for bankruptcy under Chapter 11 of the Unit-

324

ed States Bankruptcy Code. During the course of the bankruptcy, the United States filed an adversary proceeding against La-Salle Bank ("LaSalle") and Stat–Tab claiming that it had a priority lien on Stat–Tab's assets. On December 12, 1990, the court held that LaSalle had a first priority security interest in the debtor's assets, and that IRS's interest was junior to that of LaSalle. The United States did not appeal this Order. Eventually, Stat–Tab's assets were sold, and LaSalle moved to have the debtor turnover the proceeds from the sale. The United States did not appear on the motion, nor did it object.

On June 21, 1991, the bankruptcy court granted LaSalle's turnover motion. The United States appealed this decision to the United States District Court, claiming that it did not receive adequate notice of the motion. That appeal was assigned to the Judge John A. Nordberg.

While the appeal was pending, LaSalle filed a motion to disburse collateral and dismiss the case pursuant to 11 U.S.C. § 1112 ("§ 1112"). Notice of the motion was served on the United States, which did not object.[1] On January 14, 1992, the bankruptcy court granted the motion to dismiss. Significantly, in regards to the sale proceeds, Judge James stated:

> LaSalle shall place the proceeds ... in escrow at LaSalle. LaSalle shall have the right to apply the proceeds to the unpaid balance of its claim against Debtor sixty (60) days after written notice of LaSalle's intent to apply the proceeds has been sent to the Internal Revenue Service ... *unless an order of court is entered prior to termination of said 60 day period prohibiting LaSalle from applying the proceeds to its debt.*

(January 14, 1992 Order at 3) (emphasis added). The Clerk of the bankruptcy court sent a notice of dismissal to all creditors, including the United States. The United States did not appeal the dismissal and made no motion to stay the transfer of funds.

On April 16, 1992, three months after the underlying bankruptcy case had been dismissed, the district court ruled on the government's appeal of the bankruptcy court turnover order. Specifically, Judge Nordberg vacated the June 21, 1991 Order disbursing the sale proceeds and directed the bankruptcy court to consider whether its December 12, 1990 Order gave LaSalle a greater security interest in the debtor's property than was due under the security agreement.[2]

Pursuant to Judge Nordberg's instructions, the United States filed a motion to reopen the bankruptcy case eleven months after the dismissal of the bankruptcy case. The bankruptcy court asked the parties to brief the issue of whether it had jurisdiction. On February 10, 1993, after a hearing on the issue, Judge James denied the motion on the grounds that it lacked jurisdiction. In reaching that decision, the bankruptcy court concluded that Judge Nordberg's decision could be given effect "in a proper court of general jurisdiction," but that "there is nothing here before the Bankruptcy Court." (February 10, 1993 Transcript at 3–4). It is this February 10, 1993 Order which the United States now appeals to this court.

### Discussion

The government argues that the bankruptcy court has a duty to reopen a closed estate whenever there is *prima facie* evidence that the assets have not been fully administered. (Appellant's Brief at 4 (citing *In re Joslyn's Estate*, 171 F.2d 159 (7th Cir.1948))). The government also claims that the case should have been reopened since there was evidence that Stat–Tab's assets were not properly administered. In support, the United States cites *In re Thomas*, 204 F.2d 788, 791 (7th Cir.1953) (court has discretion to reopen case when assets were not fully administered), and *In re Frontier Enterprises*, 70 B.R. 356, 359 (Bankr.C.D.Ill.1987) (court may reopen a case under 11 U.S.C. § 350(b) to correct error in the distribution of assets).

---

**1.** At a hearing on the motion, the attorney for the United States stated, "[W]e do not object to the bank's motion, I believe, to dismiss the case or for turnover." (Transcript at 3).

**2.** LaSalle filed a Motion to Reconsider, which was denied on June 2, 1992.

## I. Reopening a Dismissed Case

■ The cases cited by the United States discuss the power of a bankruptcy court to reopen a case under 11 U.S.C. § 350 ("§ 350"). However, as Stat–Tab correctly notes, § 350 applies only to cases which were closed, meaning that the debtor's estate was fully administered and the trustee discharged. Stat–Tab's bankruptcy was not closed; it was dismissed pursuant to § 1112 of the Bankruptcy Code.[3] This distinction is significant.

■ Orders dismissing a bankruptcy case are treated differently from orders closing an estate. *In re Garcia*, 115 B.R. 169, 170 (Bankr.N.D.Ind.1990) (citing *In re Income Property Builders*, 699 F.2d 963, 965 (9th Cir.1982)). As the court explained in *Garcia:*

> An order closing a bankruptcy case contemplates that the bankruptcy proceedings and administration of the estate have been completed. An order of dismissal, however, terminates a bankruptcy proceeding for reasons other than the completed administration of the estate.

*Id.* Moreover, the effect of a dismissal is to "undo" the bankruptcy, restoring the assets and parties to their pre-petition status as if the case had never been filed. *In re Woodhaven, Ltd.*, 139 B.R. 745, 748 (Bankr. N.D.Ala.1992); *see also* 11 U.S.C. § 349. Because a dismissed case is treated as though it never existed, it cannot be reopened pursuant to § 350.

■ Furthermore, the government does not argue and the record does not suggest that this bankruptcy case was dismissed under § 1112 in error. In fact, in moving to dismiss, LaSalle noted:

> Debtor has no ability to confirm a plan of reorganization. It has no free and clear assets with which to pay any claims other than LaSalle. Nor is there anything left

to administer in this case. Accordingly, dismissal pursuant to Section 1112 of the Bankruptcy Code is in the best interest of this estate and its creditors and other parties in interest.

(Motion to Dismiss at 3–4). Since the "inability to effectuate a plan" is a basis for dismissal under § 1112,[4] this bankruptcy case was properly dismissed under that section, and the government's authority under § 350 is inapposite.

## II. Bankruptcy Court's Jurisdiction After Dismissal

■ Since the United States did not request a stay of enforcement of the turnover order, Judge James had jurisdiction to transfer the funds and to dismiss the case. Also, for the reasons stated above and more fully below, the fact that the underlying bankruptcy case was dismissed is fatal to this appeal.

■ As a general rule, all adversary proceedings filed in a bankruptcy case are dismissed when the case is dismissed.[5] This rule applies to pending appeals, as well. *See In re Olive Street Invest., Inc.*, 972 F.2d 214 (8th Cir.1992). In *Olive Street Investment*, the debtor appealed an order lifting the automatic stay in a Chapter 11 proceeding, but failed to obtain a stay of the order. While that appeal was pending, the bank foreclosed on its collateral and the bankruptcy court issued an order dismissing the case pursuant to 11 U.S.C. § 1112.[6] Subsequently, the district court dismissed the appeal as moot.

The appellate court affirmed, reasoning that the "dismissal of the underlying bankruptcy proceeding may indicate that no case or controversy remains with respect to the issues directly involving the reorganization of the estate." *Id.* at 215 (quoting *In re Dahlquist*, 751 F.2d 295 (8th Cir.1985)). The court also determined that the propriety of

---

**3.** Although the Order dismissing the case did not refer to the Bankruptcy Code, LaSalle's motion to dismiss was brought under § 1112. (*See* Motion dated October 1, 1991 ¶ 10).

**4.** See 11 U.S.C. § 1112(b)(2).

**5.** The reason for this rule is that jurisdiction over the adversarial proceeding was premised upon the nexus between the underlying bankruptcy

case and the related proceedings. *In re Smith*, 866 F.2d 576, 580 (3d Cir.1989). Once the bankruptcy case has been dismissed, the jurisdictional basis for the adversarial claim no longer exists.

**6.** The debtor appealed the dismissal to the district court where it was affirmed before the previous appeal was decided. Thus, the dismissal became final.

326

the order lifting the automatic stay directly related to the bankruptcy proceeding. Since that proceeding had been dismissed, there was no purpose in determining whether the order was proper. *Id.* Similarly, the court *In re Income Property Builders, Inc.,* 699 F.2d 963, 964 (9th Cir.1982), explained:

> Once the bankruptcy was dismissed, a bankruptcy court no longer had power to order the stay or to award damages.... A remand by us to the bankruptcy court would therefore be useless. If we had some power to restore the bankruptcy proceeding, the situation would be different, but there is no appeal from the order dismissing it.

*Id.*

This case presents a similar scenario. Like the appellant in *Olive Street Investment,* the United States did not request a stay of the January 14, 1992 Order while the appeal of the June 21, 1991 turnover order was pending. In addition, before the appeal was resolved, the underlying bankruptcy case was dismissed. Since Stat–Tab's bankruptcy had been "undone" by the time the district court ruled, this appeal is moot.

Moreover, even if this court had the power to reinstate the bankruptcy proceeding, it concludes that it would be improper to do so. In this case, the bankruptcy court invited the government to make a motion staying the enforcement of the turnover order. (*See* Opinion dated January 14, 1992 at 3). Specifically, Judge James ordered LaSalle to place the funds in escrow and provide the United States with notice that the proceeds would be turned over to LaSalle in 60 days unless it sought an order prohibiting the transfer. The government failed to do so, and cannot now complain that the funds are beyond the reach of the bankruptcy court. Thus, the court agrees that the bankruptcy court, having properly dismissed Stat–Tab's case, lacked jurisdiction to grant the United States' motion to reopen the case.[7]

### III. Withdrawal of Reference to Bankruptcy Court

Finally, in the alternative, the government asks that this court "revoke the Bankruptcy Court's reference over this proceeding, and hear the United States' and LaSalle's respective claims pursuant to the funds at issue." (Appellant's Brief at 5 (citing 28 U.S.C. § 157(d) ("§ 157"))). Although § 157 would permit a district court to withdraw an adversarial claim from the bankruptcy court, it is not clear that it would permit this court to exercise jurisdiction over a claim which appears to have been fully litigated below. Nonetheless, the court need not decide this issue. The burden of demonstrating cause for withdrawal was on the government, *Vista Metals Corp. v. Metal Brokers Int'l, Inc.,* 161 B.R. 454, 456 (E.D.Wis.1993), which made no argument in support of its request. Therefore, the motion for withdrawal of the reference is denied.

### *Conclusion*

For the foregoing reasons, the court affirms the decision of the bankruptcy court, and dismisses this appeal.

---

7. Some courts have construed a motion to reopen a dismissed case as a motion to vacate the dismissal order pursuant to Bankruptcy Rule 9024 and Rule 60 of the Federal Rules of Civil Procedure. *See In re Woodhaven,* 139 B.R. at 749; *In re Garcia,* 115 B.R. at 170. However, the United States did not advance this argument, and the court will not address it in this appeal. Moreover, it is worth noting that bankruptcy courts still have considerable discretion to grant or deny motions to vacate. *In re Garcia,* 115 B.R. at 170.