**In re Phyllis Josephine ARCHER, Debtor.**

No. 99–37622–T.

United States Bankruptcy Court, E.D. Virginia, Richmond Division.

May 10, 2001.

James DeWees, The Dewees Law Firm, Richmond, VA, for Debtor.

Robert E. Hyman, Richmond, VA, Chapter 13 Trustee.

### *MEMORANDUM OPINION*

DOUGLAS O. TICE, Jr., Chief Judge.

Hearing was held on April 4, 2001, on debtor's motion to reopen her case and vacate the court's order of dismissal. The primary purpose of debtor's motion is to seek removal of a judgment docketed against debtor by Richmond Economic Development Corporation (REDC). Although REDC filed no response to debtor's motion, its counsel appeared at hearing and argued against the motion. At the conclusion of hearing, the court took the matter under advisement.

For reasons stated in this memorandum opinion, the motion brought by debtor to reopen her case and vacate the court's order of dismissal will be denied.

## I. FINDINGS OF FACT.

### A. *Procedural History.*

Debtor initially filed this chapter 13 case on November 17, 1999. The case was dismissed by order of the court entered February 28, 2000, following the court's denial of plan confirmation on February 2, 2000, and after debtor failed to modify the plan within the specified period of ten days under Local Bankruptcy Rule 3015–2.

The court denied confirmation of debtor's plan based upon a good faith objection by the chapter 13 trustee. The trustee objected on the ground that debtor proposed to retain a second parcel of real estate in addition to her primary residence and that she proposed to pay her unsecured creditors only six percent of the outstanding debt. The trustee's position was that the cost to maintain debtor's non-residential real estate was being borne by the unsecured creditors of debtor to their prejudice and detriment. The court agreed with the trustee and sustained the objection.

After confirmation was denied and debtor failed to amend her plan, the clerk dismissed the case on March 1, 2000. The case was closed on March 11, 2000. The order closing the case directed that all pending adversary proceedings and motions would be subject to the effects of dismissal pursuant to 11 U.S.C. § 349. The chapter 13 trustee filed the final report and account on August 7, 2000.

Debtor filed the instant motion to reopen the case and vacate the order of dismissal on March 7, 2001. Also on March 7, debtor filed a motion for sanctions and for an order to remove the REDC lien from debtor's property. To date, no hearing has been scheduled on this second motion.

### B. *Position of the Parties.*

#### 1. Debtor.

At hearing, debtor provided no explanation for the lengthy delay in filing the motion to reopen the case. Likewise, when questioned by the court, counsel for debtor failed to provide any case law in support of the delayed motion. In the motion to reopen, counsel plead that REDC, " ... a creditor listed on [s]chedule D of debtor's petition filed ... a lien against the debtor's home without leave of ... court ... and without filing or receiving a lift of stay." The motion further asserted that REDC's lien against debtor's home prevented debtor from being able to secure refinancing, thereby creating a situation that would cause debtor to lose the home unless an alternative remedy could be provided. Finally, the motion proffered that entry of an order granting debtor's motion to vacate dismissal " ... would in no way prejudice any of the parties at interest in this case."

In essence, at hearing debtor relied entirely on REDC's alleged violation of the automatic stay provisions of Bankruptcy Code § 362. Debtor argued that the automatic stay remained in effect throughout the history of debtor's case and that at the time of the 11 U.S.C. § 341 meeting, neither debtor nor her counsel knew that REDC held a lien against debtor's real property.

#### 2. REDC.

REDC argued at hearing that debtor's pleadings are disingenuous in requesting sanctions and damages against REDC for alleged violations of the automatic stay. REDC points to debtor's abusive filing history with three short-lived bankruptcies since 1999, each dismissed for procedural or filing deficiencies far prior to completion or discharge.[1]

---

**1.** The court's records reveal the following filing history for debtor:

REDC further argued that it would be inequitable to allow debtor to seek the court's assistance in removing a judgment lien under the present circumstances. Debtor's prior dismissals and failures to properly prosecute and administer bankruptcy petitions and plans constituted an effective waiver of all rights and remedies otherwise afforded by the Bankruptcy Code and "fresh start" policy; moreover, debtor's lack of diligence should time-bar her present motions filed over twelve months after dismissal. Finally, contrary to debtor's assertion, REDC proffered that the monetary damages and sanctions sought against REDC would certainly amount to prejudice.

## II. DISCUSSION.

Debtor's motion, filed March 7, 2001, requests the court to reopen her chapter 13 case, which was dismissed on February 28, 2000. Debtor wants to reopen the case for the purpose of removing a judgment lien that was docketed in state court by REDC during the pendency of her chapter 13. She has also filed a motion for sanc-

tions against the judgment lien creditor for its violation of the automatic stay of Bankruptcy Code § 362(a). Debtor's case was dismissed by the court under local rules because of her failure to file a new chapter 13 plan following denial of confirmation of her original plan. In denying confirmation, the court found that debtor's plan was not filed in good faith.

The court's order of February 2, 2000, denying plan confirmation clearly advised debtor and her counsel of the requirements for complying with the local rules and expressly stated that failure to file a modified plan would result in dismissal of the case. The court subsequently dismissed the case after debtor failed to meet these requirements.

### A. *Applicable statutory authority.*

Bankruptcy Code § 350(b) authorizes the court to reopen a closed case. A motion to reopen a case is governed by Federal Rule of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60(b). Rule 60(b) authorizes a court in its sound discretion to vacate an order for various

(1) debtor's *first* case, Case No. **99–37622–BNS** (presently closed case, in which debtor filed instant motions), a chapter 13 bankruptcy filed on November 17, 1999, by same counsel for debtor was dismissed on February 28, 2000, for failure to comply with LBR 3015–2 after denial of confirmation and closed by court order on March 11, 2000;

(2) debtor's *second* case, Case No. **00–31635–DOT** (closed), a chapter 13 bankruptcy filed on March 16, 2000, by same counsel for debtor was subject to dismissal for failure to attend the § 341 meeting, but because of debtor's prior bankruptcy in the preceding twelve month-period, a notice to show cause was triggered under LBR 1017–3 on May 15, 2000. The notice to show cause was dismissed pursuant to a bench ruling at hearing held May 31, 2000. Shortly thereafter, an order was entered on June 13, 2000, dismissing the notice to show cause, followed by a second order

entered on July 25, 2000, dismissing the underlying bankruptcy case *with prejudice* (*prohibiting debtor from filing another case until the 180–day moratorium that expired on January 26, 2001*). The notice of dismissal was issued on July 27, 2000, and the case was closed by court order on August 9, 2000; and

(3) debtor's *third* case, Case No. **00–34942–BNS**, a chapter 7 bankruptcy filed by debtor *pro se* on September 11, 2000, in *violation of the 180–day filing moratorium*. An order dismissing the case *with prejudice* was entered on November 7, 2000, and subsequently amended on November 15, 2000 (the amended order *prohibited debtor from filing another case until a second 180–day moratorium that expired on May 16, 2001*.) The notice of dismissal of case was entered on November 9, 2000, and an order closing case was entered on December 13, 2000.

stated reasons, including the following which might have been applicable to the present motion: " ...(1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment" or in the present case, the order. FED. R. CIV. P. 60(b). Rule 60(b) also states that a motion to reopen shall be filed " ... within a reasonable time ...." *Id.*

### B. *Applicable case law authority.*

■ Bankruptcy case law is uniform in holding that Code § 350(b), which allows the court to reopen a closed case, does not apply to a dismissed case. *See In re Garcia,* 115 B.R. 169, 170 (Bankr.N.D.Ind. 1990). *Garcia* was a case involving a debtor's motion to reopen a chapter 13 case three months after the case was dismissed because of the debtor's failure to file a modified plan. *See id.* at 169–70. The court held that § 350(b) applies only to cases that are closed pursuant to § 350(a), *i.e.,* "[a]fter an estate is fully administered and the court has discharged the trustee ...." 11 U.S.C. § 350(a). Thus, *Garcia* held § 350(b) to be not applicable to the dismissed case because an order of dismissal terminates proceedings prior to completion for a reason other than full administration of the estate. *See Garcia,* 115 B.R. at 170; *see also Armel Laminates, Inc. v. Lomas & Nettleton Co. (In re Income Prop. Builders, Inc.),* 699 F.2d 963, 965 (9th Cir.1982); *Critical Care Support Serv., Inc. v. United States (In re Critical Care Support Serv.),* 236 B.R. 137, 140–41 (E.D.N.Y.1999).

The court in *Garcia* went on to consider debtor's motion to reopen under Rule 60(b), as made applicable to bankruptcy proceedings through Bankruptcy Rule 9024. The motion was denied because it was not filed within a reasonable time; furthermore, debtor offered no plausible,

reasonable explanation or excuse for the three-month delay in filing to vacate the dismissal order. *See Garcia,* 115 B.R. at 171; *see also Hawkins v. Landmark Finance Co. (In re Hawkins),* 727 F.2d 324, 327 (4th Cir.1984)(holding that bankruptcy court did not abuse discretion in denying debtor's § 350(b) motion to reopen for the purpose of bringing lien avoidance proceeding when motion was filed eight months after case was closed).

### III. CONCLUSIONS OF LAW.

■ In the present case, debtor has cited no authority for the court's vacation of the dismissal order after her delay of over one year in bringing the motion. Thus, the record is silent as to whether debtor relies upon § 350(b) or the relief provisions of Rule 60(b), *e.g.,* mistake, inadvertence, surprise, excusable neglect, or any other allowable rationale to vacate the dismissal order. Notwithstanding the absence of cited authority, the court considers debtor's motion to reopen under Bankruptcy Rule 9024 and Federal Rule of Civil Procedure 60(b), and will deny the motion under these rules.

■ The court previously denied confirmation of debtor's plan because the plan was not filed in good faith. When the case was dismissed after debtor made no effort to cure the good faith objection of the trustee to her plan, this was tantamount to a dismissal by the court on the ground that the case was not filed in good faith. Therefore, although the court ordinarily considers a creditor's action in violation of the automatic stay a very serious matter, under the circumstances here the court will take no action. Debtor is scarcely in a position to invoke the equitable powers of this court with respect to a case filed not in good faith. The situation is made even more egregious by the fact that subsequent to the dismissal of the case, debtor

filed two other cases, and both were dismissed with prejudice.

In summary, the unexplained delay in the instant case of over a year, combined with debtor's abusive bankruptcy filing history requires the court to deny debtor's motion pursuant to Rule 60(b), as well as debtor's related motion for sanctions and removal of the judgment lien.

A separate order will be entered.