# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 14-6034

_____

In re: Jack D. Bowman, also known as J. D. Bowman; Barbara Joann Bowman, also known as Barbara B. Bowman

*Debtor*s

-------------------------------

Jack D. Bowman; Barbara Joann Bowman

*Debtors - Appellants*

v.

Daniel J. Casamatta

*U.S. Trustee - Appellee*

Rabo Agrifinance, Inc., successor to Rabo AgServices, Inc., formerly known as Ag Services of America, Inc.

*Creditor - Appellee*

_____

Appeal from United States Bankruptcy Court
for the District of Nebraska - Omaha

_____

Submitted: February 25, 2015
Filed: March 18, 2015

_____

Before KRESSEL, SCHERMER, and NAIL, Bankruptcy Judges.

_____

NAIL, Bankruptcy Judge.

Jack D. Bowman and Barbara Joann Bowman ("Debtors") appeal the September 24, 2014 order of the bankruptcy court[1] denying Debtors' motion to reopen their case. We affirm.

## BACKGROUND

Debtors filed a petition for relief under chapter 11 of the bankruptcy code on November 5, 1999. Debtors proposed several plans of reorganization, but none were confirmed. On the United States Trustee's motion, the bankruptcy court dismissed Debtors' case on September 28, 2004. Debtors did not appeal the bankruptcy court's order dismissing their case, and the case was closed on the bankruptcy clerk's docket on May 5, 2005.

On September 15, 2014, Debtors filed a motion to reopen their case "to pursue Confirmation of their current Plan[.]" The United States Trustee and Rabo Agrifinance, Inc. objected, and on September 24, 2014, without first holding a hearing, the bankruptcy court entered a text order denying Debtors' motion. Debtors timely appealed.

## STANDARD OF REVIEW

We review the bankruptcy court's denial of Debtors' motion to reopen for an abuse of discretion. *Apex Oil Co., Inc. v. Sparks* (*In re Apex Oil Co., Inc.*), 406 F.3d

---

[1]The Honorable Thomas L. Saladino, Chief Judge, United States Bankruptcy Court for the District of Nebraska.

538, 541 (8th Cir. 2005). "The bankruptcy court abuses its discretion when it fails to apply the proper legal standard or bases its order on findings of fact that are clearly erroneous." *Lovald v. Tennyson* (*In re Wolk*), 686 F.3d 938, 940 (8th Cir. 2012) (citation therein). "We may not reverse the bankruptcy court's ruling unless we have a 'definite and firm conviction that the bankruptcy court committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.'" *Apex Oil*, 406 F.3d at 541.

## DISCUSSION

Under the bankruptcy code:

> (a) After an estate is fully administered and the court has discharged the trustee, the court shall close the case.
>
> (b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

11 U.S.C. § 350.

In this case, the bankruptcy court held "section 350 should not be used to reopen a case that was dismissed for cause before it was fully administered." We agree: "[A] dismissed case cannot be reopened under § 350(b)[.]" *Finch v. Coop* (*In re Finch*), 378 B.R. 241, 246 (B.A.P. 8th Cir. 2007) (citation therein), *aff'd*, No. 07-3718, 2008 WL 2906760, 285 Fed. Appx. 326 (8th Cir. July 30, 2008).[2] For that

---

[2]In reaching this conclusion in *Finch*, we aligned ourselves with the majority of courts that have considered the issue. *See*, *e.g.*, *Armel Laminates, Inc. v. Lomas & Nettleton Co.* (*In re Income Property Builders, Inc.*), 699 F.2d 963, 965 (9th Cir. 1982); *Critical Care Support Services v. U.S.* (*In re Critical Care Support Services*), 236 B.R. 137, 140-41 (E.D.N.Y. 1999); *Bernegger v. King*, Nos. 10-CV-1158 and 10-

reason alone, we cannot say the bankruptcy court's decision not to reopen Debtors' dismissed case was an abuse of discretion.[3]

Debtors' principal complaint is the bankruptcy court did not hold a hearing before denying their motion to reopen their case.[4] The bankruptcy court was under no obligation to do so: "There is no requirement in § 350 that the court provide a hearing on a motion to reopen." *Dworsky v. Canal Street Ltd. P'ship* (*In re Canal Street Ltd. P'ship*), 269 B.R. 375, 380 (B.A.P. 8th Cir. 2001).

> There is no mention of the phrase "notice and a hearing" in § 350(b) . . . connoting the statutory need for a hearing. When Congress intended to require "notice and a hearing" in the Bankruptcy Code, it clearly knew how to do so. There are multiple instances throughout the Code where

CV-1159, 2011 WL 2518788 at *1 (E.D. Wis. June 23, 2011); *In re Woodhaven, Ltd.*, 139 B.R. 745, 747-48 (Bankr. N.D. Ala. 1992); *In re Garcia*, 115 B.R. 169, 170 (Bankr. N.D. Ind. 1990); *Cole v. Household Fin.* (*In re Cole*), 382 B.R. 20, 24 (Bankr. E.D.N.Y. 2008); *In re Mishoe-Hooper*, 2012 WL 5342148 at *2 (Bankr. E.D.N.C. Oct. 29, 2012); *In re Archer*, 264 B.R. 165, 168 (Bankr. E.D. Va. 2001).

[3]Several other factors also support the bankruptcy court's decision, including the nearly ten-year gap between the dismissal of Debtors' case and the filing of their motion to reopen, Debtors' failure to demonstrate reopening their case would not be futile, and Debtors' failure to offer a legitimate reason why they could not file a new bankruptcy case.

[4]A related complaint is the bankruptcy court did not allow Debtors to respond to the objections filed by the United States Trustee on September 16, 2014 and by Rabo Agrifinance, Inc. on September 18, 2014. Debtors did not identify any provision of the bankruptcy code or the bankruptcy rules that required the bankruptcy court to allow Debtors to respond to those objections. In any event, the bankruptcy court did not enter its text order denying Debtors' motion to reopen until September 24, 2014, and nothing in the record suggests the bankruptcy court would not have allowed Debtors to file a response to the objections in the interim.

> Congress expressly directs that "notice and a hearing" are required. . . . [Section] 350 is not one of them.

*Id*. (footnote omitted).

Debtors nevertheless argue they were entitled to a hearing under Federal Rule of Bankruptcy Procedure 9014(a). That rule provides, in pertinent part: "In a contested matter *not otherwise governed by these rules*, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded *the party against whom relief is sought*." Fed.R.Bankr.P. 9014(a) (emphasis added).

Debtors overlook the fact that a motion to reopen is "otherwise governed" by another of "these rules," *i.e.*, Federal Rule of Bankruptcy Procedure 5010. That rule provides, in pertinent part: "A case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code." Rule 5010 requires only a motion; it does not require either reasonable notice or opportunity for hearing. *Cf.*, *e.g.*, Fed.Rs.Bankr.P. 1014 (requiring "hearing on notice" for a motion to change venue), 2017 (requiring "notice and a hearing" for a motion to examine a debtor's transactions with the debtor's attorney), 6002 (requiring "notice and a hearing" for a motion to examine the propriety of a prior custodian's administration of property of the estate), and 9019 (requiring "notice and a hearing" for a motion to approve a compromise or settlement).[5]

Debtors also overlook the fact that the reasonable notice and opportunity for hearing required by Rule 9014(a) is only "afforded the party against whom relief is sought." Debtors were the moving parties, not the parties against whom relief was sought. None of the parties against whom relief was sought have complained about

---

[5]Even these rules do not require a hearing in every case. *See* Fed.R.Bankr.P. 9001 (incorporating 11 U.S.C. § 102(1)(A)'s definition of "after notice and a hearing" and similar phrases).

the bankruptcy court's not holding a hearing before denying Debtors' motion to reopen.[6]

Finally, even if Rule 9014(a) were implicated, the bankruptcy court's not holding a hearing in this case would be harmless error. As noted above, "a dismissed case cannot be reopened under § 350(b)[.]" *Finch*, 378 B.R. at 246. That being so, nothing would have been gained by holding a hearing in this case, and conversely, nothing was lost by not holding a hearing in this case.

Debtors also argue they were entitled to a hearing under Nebraska Local Rules 5010-1 and 9013-1(I). To the extent those local rules require a hearing on a motion to reopen,[7] and to the further extent a local rule may afford a right not afforded by the bankruptcy code, *see* Fed.R.Bankr.P. 9029 (local rules must be consistent with Acts of Congress); *Canal Street Ltd. P'ship*, 269 B.R. at 380 ("[I]t is § 350, not local rules, that governs [a party's] right to a hearing."), we reach the same conclusion we reached with respect to Federal Rule of Bankruptcy Procedure 9014(a): The bankruptcy court's not holding a hearing in this case would be harmless error.

---

[6]Debtors claim they have paid all their creditors other than Rabo Agrifinance, Inc.

[7]Nebraska Local Rule 5010 says nothing about a hearing. However, Nebraska Local Rule 9013-1 provides: "If a timely resistance or request for hearing is filed and served, the Clerk shall schedule a hearing." Neb.R.Bankr.P. 9013-1(I). With certain exceptions, that rule is applicable "to all motions filed in bankruptcy cases[.]" Neb.R.Bankr.P. 9013-1(A)(1). One such exception is for "non-substantive motions, which will be considered by the Court without resistance or hearing[.]" Neb.R.Bankr.P. 9013-1(A)(3). At oral argument, the United States Trustee argued–without citing any authority–a motion to reopen a case is such a non-substantive motion.

Debtors' remaining complaint is the bankruptcy court applied an improper legal standard when it referred to Federal Rule of Civil Procedure 60 in its text order.[8] We disagree. Even if it were reopened, Debtors' case would still be dismissed. *Finch*, 378 B.R. at 246 ("[A] dismissal can be undone only through an appeal or a motion under Federal Rule of Bankruptcy Procedure 9023 or 9024."). Our reading of the bankruptcy court's text order suggests its reference to Rule 60 was intended only to point out Debtors' failure to address this issue or to offer any grounds for vacating the bankruptcy court's order dismissing their case. Even if the bankruptcy court intended something more, its reference to Rule 60 would, in light of our holding in *Finch*, also be harmless error.

## CONCLUSION

Finding no abuse of discretion in the bankruptcy court's decision, we affirm the bankruptcy court's September 24, 2014 order denying Debtors' motion to reopen their case.

―――――――――――――――――――

―――――――――――――――――――

[8]Federal Rule of Civil Procedure 60 applies in bankruptcy cases. Fed.R.Bankr.P. 9024.