Robert E. Grant, Chief Judge, United States Bankruptcy Court
On November 02, 2018
The 2005 amendments to the Bankruptcy Code added many requirements to filing a case, creating pitfalls that have to be avoided for a bankruptcy to be successful. In re Fawson, 338 B.R. 505, 515 (Bankr. D. Utah 2006). The debtor has fallen into one of them: § 521(i)(1) which provides that if an individual debtor does not file all of the information required by § 521(a)(1) within 45 days of the petition, the case "shall be automatically dismissed effective on the 46th day after ... the petition." 11 U.S.C. § 521(i)(1).
The debtor is proceeding pro se and, through a power of attorney, filed this case on August 2, 2018. The documents filed - a petition, schedule D (secured *845 creditors), schedule E/F (unsecured creditors), a list of creditors and an application to waive the filing fee - consisted of a bit more than the minimum documentation necessary to commence a case. See, N.D. Ind. L.B.R. B-1002-1(a) (listing the minimum filing requirements). Although such a filing is permitted, debtors are required to follow through with what they started and file any remaining documents within 14 days. See, Fed. R. Bankr. P. Rule 1007(c). Of the information required by § 521(a)(1), the debtor had yet to file a schedule of assets (schedule A/B), a schedule of current income and expenses (schedules I and J) and a statement of financial affairs.[1] When the debtor failed to file those and other documents within the time required, on August 21, 2018 the clerk issued a notice of noncompliance, informing the debtor of the documents that had not been filed and that the failure to file the items required by § 521(a)(1)"will result in dismissal of the case, by operation of law, without further notice or hearing." Despite this reminder, the debtor failed to act and, by the 45th day after the petition, the schedule of assets (schedule A/B), schedule of current income and expenses (schedules I and J), and statement of affairs remained unfiled.[2] So, the case was automatically dismissed by operation of law, effective 46 days after it was filed, 11 U.S.C. § 521(i), and the clerk issued a notice informing all creditors and parties in interest of that event on September 19, 2018. The debtor's representative, again acting through the power of attorney, responded to this notice with a letter, asking the court to reopen the case and give additional time to file the remaining documents claiming he never received notice of any problems with the case or of the dismissal. Given the liberality accorded to a pro se litigant's submissions, Kincaid v. Vail, 969 F.2d 594, 598 (7th Cir. 1992), the court has construed this letter as a motion to reconsider or for relief from the dismissal[3] and can decide it without a hearing or inviting a response from any other party. See, *846 Dunn v. Truck World, Inc., 929 F.2d 311, 313 (7th Cir. 1991). See also, N.D. Ind. L.B.R. B-9023-1(b).
Section 521(i)(l) does not require any action by the court or anyone else. Much like Cinderella's pumpkin at midnight, if the required information has not been filed by the statutory deadline the magic ends and the case is automatically dismissed by operation of law on day 46. See, Fawson, 338 B.R. at 510. See also, In re Tay-Kwamya, 367 B.R. 422 (Bankr. S.D. N.Y. 2007). It does not require any warning or notice or depend upon an order of the court. Since the dismissal is not an act or a decision of the court, there is nothing to "reconsider" or, in the language of Rule 59, nothing to alter or amend. Similarly, there is no order or judgment that the court can give relief from, due to some kind of mistake, surprise, or excusable neglect, see, Fed. R. Bankr. P. Rule 9023 ; Fed R. Civ. P. Rule 60(b), so that the debtor can have a second chance to do things right. The language of the statute is clear and simple, "the case shall be dismissed on the 46th day" and the court has no discretion to do otherwise.[4] See, Fawson, 338 B.R. 505 ; In re Reyes, 2007 WL 338066 (Bankr. E.D. Tenn. 2007) (collecting cases). At best, the only argument that can be advanced is that there has been some kind of clerical mistake in the record and the supposedly missing information was actually timely filed. See, Fed. R. Bankr. P. Rule 9023 ; Fed R. Civ. P. Rule 60(a) ; N.D. Ind. L.B.R. B-1017-1(a). The debtor makes no such argument, but, instead, acknowledges the required information has not been filed and wants additional time to provide it. That is something the court cannot do. Fawson, 338 B.R. 505 at 514-15. After the expiration of the time periods set forth in § 521(i), there are no exceptions and no excuses; only dismissal and the consequences that flow therefrom. In re Scott, 2008 WL 5440422 *2 (Bankr. N.D. Ind. 2008) (Lindquist, J.).
Debtor's motion to reconsider is DENIED.

Payment advices received during the 60 days before filing, a statement of monthly net income, and a statement disclosing any reasonably anticipated increase in income in the coming year are also required by § 521(a)(1)(B)(iv-vi). By local rule, the court has exercised its authority to provide that payment advices need not be filed. N.D. Ind. L.B.R. B-4001-1(b). The information concerning monthly net income and anticipated increases in income is subsumed by the information provided on schedule I.
The Bankruptcy Code and Rules also contemplate the filing of other statements, schedules, lists and certificates early in the case - such as credit counseling certificates or motions (§ 109(h) and Rule 1007(b)(3) ), a schedule of exemptions (schedule C), a schedule of executory contracts (schedule G), a list of Co-Debtors (schedule H) and a statement of intent, to name but a few - but they are not implicated in § 521(a)(1) or (i).

Other required documents also remained unfiled, but their absence does not trigger the automatic dismissal of § 521(i). Instead, the failure to file them may constitute cause to dismiss the case under § 707(a)(1), which requires notice and a hearing.

A dismissed case cannot be reopened. See, In re Income Property Builders, Inc., 699 F.2d 963, 965 (9th Cir. 1982) ; Matter of Garcia, 115 B.R. 169, 170 (Bankr. N.D. Ind. 1990). So, despite the letter's use of that term, the court is not treating it as a motion to reopen, filed pursuant to § 350(b). Another liberality the court has accorded in this situation is to even consider the request, which comes, not from the debtor himself, but, from a third party based upon a power of attorney. Although the holder of a power of attorney can sign a bankruptcy petition and related documents for its principal, that does not entitle it to litigate on the debtor's behalf or to engage in the practice of law. See, In re Foster, 2012 WL 6554718 (9th Cir. BAP 2012) ; In re Tescione, 2010 WL 5420269 (Bankr. D. Ariz. 2010) ; In re O'Connor, 2009 WL 1616105 (Bankr. N.D. Ohio 2009). See also, Fed R. Bankr P. Rule 9010(a) ; N.D. Ind. L.R. 83-5(a)(1), (2).

Some decisions have concluded that the court has the discretion to allow the case to proceed if that is necessary to prevent the debtor from abusing or manipulating the bankruptcy process, by contending the case was automatically dismissed in an effort to frustrate the trustee's administration of assets. See e.g., In re Acosta-Rivera, 557 F.3d 8 (1st Cir. 2009) ; In re Warren, 568 F.3d 1113 (9th Cir. 2009) ; In re Amir, 436 B.R. 1 (6th Cir. BAP 2010). Assuming that is so, this is not such a situation. The debtor is seeking to avoid the effect of § 521(i), not use it as a weapon against the trustee. Furthermore, the procedures the court has put in place to implement § 521(i) help to ensure the issue of automatic dismissal will not become a problem months into the case when the trustee is in the middle of administering assets. The notice of noncompliance, issued when required documents have not been filed by the 15th day, alerts all concerned, including the debtor and the trustee, of the possibility of automatic dismissal, so that they can take appropriate action to avoid that event before it is too late; and the notice of automatic dismissal, issued after day 45, alerts everyone to the status of the case, avoiding the continued administration of a case that no longer exists.