# UNITED STATES BANKRUPTCY APPELLATE PANEL
# OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>EMIL HASHIMAN,<br><br>     Debtors. | BAP No. CC-20-1107-TaLS<br><br>Bk. No. 6:10-bk-11820-WJ |
| EMIL HASHIMAN, a/k/a Aimal<br>Hashemeyan,<br><br>     Appellant,<br><br>v.<br><br>ROD DANIELSON, Esquire, Chapter 13<br>Trustee,<br><br>     Appellee. | MEMORANDUM* |

Appeal from the United States Bankruptcy Court
for the Central District of California
Wayne E. Johnson, Bankruptcy Judge, Presiding

Before: TAYLOR, LAFFERTY, and SPRAKER, Bankruptcy Judges.

This timely appeal is from a final order denying Chapter 13[1] debtor Emil Hashiman's motion to reopen his 2010 bankruptcy case. *See* Bankruptcy Court Docket at 41 (April 20, 2020, Order Denying Motion to Reopen Case) and 47 (May 4, 2020, Notice of Appeal).

---

* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All ″Rule″ references are to the Federal Rules of Bankruptcy Procedure and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

Before a briefing schedule was issued by the Panel, appellant filed an initial opening brief and excerpts of the record. These documents were not compliant with our rules. Thus, the Panel directed him to file an amended opening brief no later than June 23, 2020, and waived the requirement that appellant file excerpts of the record. See BAP Docket at 5. Appellant did not file an amended opening brief by the June 23, 2020, deadline.

The Panel then issued a Conditional Order of Dismissal ("COD"). The COD required appellant to file the amended opening brief no later than July 9, 2020, or to show cause why the appeal should not be dismissed.

Appellant filed an amended opening brief that was received by the BAP on July 8, 2020. However, the amended opening brief was not properly docketed due to an administrative error, and the amended opening brief was not forwarded to the Panel's judges. On August 12, 2020, the BAP issued a memorandum of decision and judgment affirming the decision of the bankruptcy court without the benefit of the amended opening brief.

On August 28, 2020, appellant filed a motion to reinstate the appeal on the grounds that an amended opening brief had been filed. We granted this motion to reinstate the appeal in order to consider the amended opening brief. This new memorandum of decision is being issued in order to consider the amended opening brief and supersedes the August 12, 2020, memorandum of decision and judgment.

In deciding this appeal, the Panel has carefully examined the order on appeal, the initial opening brief, the amended opening brief, and the

appellate record. We determine that the facts and legal arguments are adequately presented in the appellant's briefs and record, and the decisional process would not be significantly aided by further briefing or oral argument. *See* Fed. R. Bankr. P. 8019.[2]

The decision to deny a motion to reopen a bankruptcy case is reviewed for abuse of discretion. *Beezley v. Cal. Land Title Co. (In re Beezley)*, 994 F.2d 1433, 1437 (9th Cir. 1993); *see also Cortez v. Am. Wheel, Inc. (In re Cortez)*, 191 B.R. 174, 177 (9th Cir. BAP 1995). To determine whether the bankruptcy court has abused its discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court "identified the correct legal rule to apply to the relief requested" and (2) if it did, we consider whether the bankruptcy court's application of the legal standard was illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *United States v. Hinkson*, 585 F.3d 1247, 1261-62 & n.21 (9th Cir. 2009) (en banc).

The bankruptcy court's decision to deny appellant's motion to reopen his dismissed 2010 bankruptcy case was not an abuse of discretion for several reasons.

Procedurally, appellant's dismissed case could not be reopened under § 350(b); a bankruptcy case can only be reopened if it was first

---

[2] We also exercised our discretion to review the bankruptcy court's electronic docket and pleadings, including the original motion to reopen the bankruptcy case and the Chapter 13 trustee's opposition thereto. *O'Rourke v. Seaboard Surety Co. (In re E.R. Fegert, Inc.)*, 887 F.2d 955, 957 (9th Cir. 1989); *Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003). No hearing was held with respect to the motion to reopen. Thus no transcript was prepared by the court reporter or considered by the Panel.

closed, rather than dismissed. *See Bowman v. Casamata (In re Bowman),* 526 B.R. 802, 804 (8th Cir. BAP 2015). And a case dismissal can only be undone through an appeal or a motion under Rules 9023 or 9024. *Id*. at 806. But the time in which appellant could appeal or file a Rule 9023 motion lapsed years ago, and appellant fatally failed to assert grounds under, and indeed did not even cite to, Rule 9024 or Civil Rule 60(b) in his motion to reopen the case. Furthermore, the record does not reflect any circumstances that would constitute grounds for vacating the dismissal order under Rule 9024.

Even if the dismissal order were vacated, the bankruptcy court provided a number of reasons for the decision to deny appellant's motion that are in accordance with applicable authority for the reopening of cases. *See* Order on Appeal at 2-3.

Taken together, the reasons given by the bankruptcy court in denying the motion to reopen clearly indicate that reopening appellant's case would be a pointless exercise. *Beezley v. Cal. Land Title Co. (In re Beezley)*, 994 F.2d at 1437 (9th Cir. 1993). We further note that no legitimate bankruptcy purpose would be served by reopening the case because no chapter 13 plan was confirmed and, in any event, appellant claims that he had paid all of his creditors by 2013. Thus, the Panel determines that the bankruptcy court did not abuse its discretion in denying the motion to reopen under applicable authority.

The Panel carefully considered the arguments made in appellant's briefs and in the underlying motion to reopen. While appellant points out a clerical error that resulted in his receipt of notices regarding an unrelated bankruptcy case, reopening appellant's own bankruptcy case would not

4

provide him with any relief from this error at this time.[3] Furthermore, reopening this 2010 case would not provide any insight, solutions, or relief to appellant with respect to his current disputes regarding various creditors, debt servicers, and tax officials. Since the underlying case was dismissed without a discharge, reopening the case would not allow for a determination of these debts or any others mentioned in his voluminous papers. We also perceive no connection between appellant's case and the *Bikram's Yoga College of India LP*, No. 9:17-bk-12045 (Bankr. C.D. Cal. Nov. 9, 2017) case cited in appellant's briefing.

Accordingly, while appellant may file a new bankruptcy case or pursue remedies in state court or a nonbankruptcy federal court, reopening his dismissed case was not a viable option. The decision of the bankruptcy court is AFFIRMED.

---

[3] Debtor notes that his name was removed from these notices in May 2020. Initial Brief at 2.