*964
 
 PER CURIAM:
 

 Income Property Builders, Inc. (debtor), owner of a condominium, filed a Chapter 11 proceeding in the Arizona . Bankruptcy Court, 8 B.R. 304, on January 9, 1980. On January 18,1980, Lomas & Nettleton Co. (L & N), which owned a trust deed on the condominium, filed an adversary proceeding
 
 [1]
 
 seeking to set aside the automatic stay mandated by 11 U.S.C. § 362(a). Notice of the adversary proceeding was given to the debtor alone. At the hearing on the adversary proceeding the debtor did not appear; the relief requested by L & N was granted, and the condominium was sold under Arizona law. Prior to the sale, Armel Laminates, Inc. (Armel), which claims a mechanic’s lien on the property, made a motion to intervene in the adversary proceeding and a motion to reimpose the stay on the ground that it was entitled to notice of the proceedings, which it did not receive. The bankruptcy court denied these motions. Armel filed no application for a stay of the sale pending appeal, and after the sale appealed both motions to the United States Bankruptcy Appellate panel which dismissed the appeals as moot on September 9,1980. This appeal is from that decision.
 

 We dismiss this appeal as moot
 
 [2]
 
 for reasons unrelated to those contained in the order of the bankruptcy panel.
 

 On February 19, 1980, the debtor filed an application to dismiss its petition in bankruptcy. A hearing was set for March 6, 1980, and notice was given to all creditors, including Armel. No objections were filed. The bankruptcy judge dismissed the petition on September 10, 1980, as he had power to do under 11 U.S.C. § 1112. No attack was made on the order dismissing the petition, and no appeal was taken from it within the ten days provided by Fed.R. Bank.P. 802. At that time the order dismissing the bankruptcy appeal became final under Fed.R.Bank.P. 803.
 

 Obviously the automatic stay provided in 11 U.S.C. § 362(a) was dependent upon the operation of the bankruptcy law, and that law was pertinent only because of the existence of the proceeding in bankruptcy. The order granting the stay was made in the exercise of a power conferred by bankruptcy law. Any power that we have with respect to the stay is derived from our appellate power in bankruptcy matters. Once the bankruptcy was dismissed, a bankruptcy court no longer had power to order the stay or to award damages allegedly attributable to its vacation. A remand by us to the bankruptcy court would therefore be useless.
 

 If we had some power to restore the bankruptcy proceeding, the situation would be different, but there is no appeal from the order dismissing it.
 
 [3]
 

 In reference to the suggestion that we should fashion some broad equitable remedy, we simply note that this is an appellate court and that, if we otherwise had the power, only two of the numerous parties who could be affected are before us.
 

 The appeal is dismissed.
 

 ORDER
 

 The petition for rehearing and the bankruptcy files brought here in connection with the petition show the following:
 

 On September 1,1982, following the decision of this court in this case, the appellant here filed with the bankruptcy court a petition to reopen the bankruptcy. A copy of that petition was delivered to appellee in this case on September 1, 1982, and on the same day the order vacating the dismissal of the bankruptcy was signed by the bank
 
 *965
 
 ruptcy judge. No service was ever made on the debtor. Later appellee’s application to reconsider the order of September 1, 1982, was denied by the bankruptcy judge.
 

 Now it is claimed that, since the bankruptcy proceeding is still in existence, our order dismissing this appeal as moot, for the reason that the bankruptcy was no longer in existence, was erroneous. We hold an order dismissing a bankruptcy proceeding is not an order closing it; that a motion to vacate a dismissal is not a motion to reopen; that the motion to vacate a dismissal must be made within one year; that the motion here came too late; and that the bankruptcy court has no jurisdiction.
 

 11 U.S.C. § 349, treating the effects of a bankruptcy, obviously contemplates that on dismissal a bankrupt is reinvested with the estate, subject to all encumbrances which existed prior to the bankruptcy.
 
 [1]
 
 After an order of dismissal, the debtor’s debts and property are subject to the general laws, unaffected by bankruptcy concepts. After dismissal a debtor may file another petition for bankruptcy unless the initial petition was dismissed with prejudice.
 
 [2]
 

 On the other hand, a bankruptcy is normally closed after the bankruptcy proceedings are completed.
 
 [3]
 
 At that time the debts of the bankrupt are usually discharged and the proceeds of debtor’s nonexempt assets divided among creditors. A bankruptcy is reopened under 11 U.S.C. § 350(b), not to restore the prebankruptcy status, but to continue the bankruptcy proceeding. The word “reopened” used in Section 350(b) obviously relates to the word “closed” used in the same section. In our opinion a case cannot be reopened unless it has been closed. An order dismissing a bankruptcy case accomplishes a completely different result than an order closing it would , and is not an order closing.
 

 Fed.R.Bank.P. 924 makes the one-year limitation prescribed in Fed.R.Civ.P. 60 applicable to bankruptcy motions except motions to reopen a case or for the reconsideration of an order allowing or disallowing a claim against the estate entered without contest. A motion to vacate the dismissal of a bankruptcy case is neither a motion to reopen nor a motion for such reconsideration.
 

 The petition for rehearing is denied.
 

 [1]
 

 . Fed.R.Bank.P. 701.
 

 [2]
 

 . Events have occurred since the order of the bankruptcy judge and the order of the bankruptcy appellate panel which render it impossible for this court to grant any relief, and hence the case is moot.
 
 Valley National Bank v. Trustee for Westgate-California Corp.,
 
 609 F.2d 1274 (9th Cir.1979);
 
 Fink v. Continental
 
 Found
 
 ry
 
 &
 
 Machine Co.,
 
 240 F.2d 369 (7th Cir.),
 
 cert. denied,
 
 354 U.S. 938, 77 S.Ct. 1401, 1 L.Ed.2d 1538 (1957).
 

 [3]
 

 .We note as a practical matter that the owner who secured the order dismissing the bankruptcy proceeding is not a party here.
 

 [1]
 

 . The House Report, speaking of Section 349, reads: “The basic purpose of the subsection is to undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case.” H.R.Rep. No. 95-595, 95th Cong., 2d Sess., reprinted in 1978 U.S. Code Cong. & Ad.News, 5787, 6294.
 

 [2]
 

 . Fed.R.Bank.P. 120(c).
 

 [3]
 

 . 11 U.S.C. § 350(a).