**In the Matter of James Riley WALLACE, Debtor.**

**WESLEY MEDICAL CENTER, Movant,**

v.

**James Riley WALLACE, et al., Respondents.**

Bankruptcy No. 83–03297–W–13.

No. 84–091–W–8–5.

United States District Court, W.D. Missouri, W.D.

Nov. 20, 1985.

Michael P. O'Keefe, North Kansas City, Mo., for Wesley Medical Center.

Arthur H. Stoup, Stoup & Thompson, Kansas City, Mo., for Wohlner & Assoc.

Bruce Strauss, Shockley, Reid & Koger, Kansas City, Mo., Paul Rueschoff, Prairie Village, Kan., for Wallace.

ORDER

SCOTT O. WRIGHT, Chief Judge.

Filed with the Court are parties' memorandums as to the jurisdiction of this Court and the Bankruptcy Division concerning the matters presently before it, including the movant's motion to vacate the February 10, 1984 order of dismissal. Pursuant to Fed.R.Bank.P. 924, and Fed.R.Civ.P. 60, an order generally may not be vacated unless appealed within one (1) year, which this one was not. *In re Income Property Builders, Inc.*, 699 F.2d 963, 965 (9th Cir. 1983). However, Rule 60(b) "does not limit the power of a court to ... set aside a judgment for fraud upon the court." Thus, the Court is presented with the question whether the respondents perpetrated "an unconscionable plan or scheme which is designed to improperly influence the court." *Lockwood v. Bowles*, 46 F.R.D. 625, 632 (D.C.1969).

## Background

In 1982 respondent James P. Wallace, a resident of Kansas, was involved in an automobile accident and was rendered services by movant, Wesley Medical Center. As a result of the accident, Wallace received an insurance draft for $25,000, but he owed movant more than $13,000. Movant was paid $5,000 in order to release a lien, but it also filed suit in Kansas state court to attach the insurance proceeds for the balance of the debt.

On July 19, 1983, a judgment was entered for movant. On December 7, 1983, the Kansas court denied Wallace's motion to quash the attachment. Thereafter, on December 13, Wallace filed a petition for Chapter 13 proceedings in the Western District of Missouri Bankruptcy Division, although he neither lived nor worked in this jurisdiction. His only connection to this District was that his counsel, Wohlner and Hoskins, maintained offices there.

On December 22, 1983, the $25,000 insurance draft was paid into the Bankruptcy Court. Wallace sought turnover of this $25,000.00 and on February 1, 1984, the Bankruptcy Court issued such an order on the condition that any unexempted and unencumbered funds be applied to the Chapter 13 plan.

Fed.R.Civ.P. 62 and Fed.R.Bank.P. 7062 provides for an automatic stay of enforcement of a judgment for ten days after its entry, to allow for an appeal. Yet, immediately following the formal entry of the order of turnover, Wallace's counsel demanded release of the draft from the Clerk of the Bankruptcy Court, and the Clerk erroneously released it.

On February 1 or 2, the Bankruptcy Court judge notified Wallace's counsel that the money had mistakenly been distributed and they should not further dispose of it.

On February 9, within the ten-day period, movant filed its notice of appeal from the order of dismissal, and a motion for stay pending appeal.

On February 10, Wallace, having received the $25,000.00 and with an appeal pending, filed a motion to dismiss, along with a proposed order of dismissal that was signed the same day. Also on February 10, the Bankruptcy Court judge personally notified Wallace's counsel that he was not to negotiate the draft, and counsel agreed not to do so. However, within the week, it came to light that the draft had been negotiated prior to February 10 with Wallace receiving $6,554 and his counsel keeping the $18,446 as payment for their fees. In yet another call between the Bankruptcy Court judge and Wallace's counsel, counsel stated they would post a surety supersedeas bond pending the appeal.

Such bond not having been posted, this Court entered its order of March 19, 1984, requiring the return of the funds or the posting of a bond. Since neither has ever been done, the Bankruptcy Court has since issued its report and recommendation that Wallace and his counsel be held in contempt for failure to repay the money or post a bond.

## Discussion

While the law favors an end to lawsuits, and only extraordinary circumstances are contemplated by the term "fraud upon the court" in Rule 60(b), *Lockwood v. Bowles, supra,* at 633, the Court finds that the facts of the present case falls within this exception to the one-year rule.

In discussing the type of conduct constituting fraud upon the court, in 7 Moore's Federal Practice ¶ 60.33 at 60–359, it includes involvement of an attorney, as an officer of the court, in the perpetuating of fraud. In this case, numerous rules of procedure were violated, oral promises broken, and measures taken which resulted in the attorneys receiving over $18,000.00 (almost 75% of the money involved). Even if it can be believed that Wallace's attorneys were ignorant of the law, once they had actual notice from the Bankruptcy Court judge, there is no excuse for their continued involvement in this scheme to avoid payment of a lawful debt owed to movant.

Wallace raises a laches argument, that if his actions were so egregious, why did

movant wait until this late date to so assert. However, the Supreme Court addressed that issue when it held in *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246, 64 S.Ct. 997, 1001, 88 L.Ed. 1250 (1944) that even if the aggrieved party did not exercise the "highest degree of diligence, [the] fraud cannot be condoned for that reason alone." Furthermore, a court may act upon its own motion, and in fact the Court requested additional briefs on this very issue at the September 27, 1985 evidentiary hearing. Accordingly, it is hereby

ORDERED that the February 1, 1984 dismissal of the bankruptcy proceedings is vacated. It is further

ORDERED that the order to show cause and to repay funds to the Clerk of the Bankruptcy Court are reaffirmed. It is further

ORDERED that an additional de novo evidentiary hearing on the issue of contempt will be scheduled at the earliest convenient date.