[No. B023832. Second Dist., Div. Five. Dec. 10, 1987.]

GARBIS TARAKJIAN et al., Plaintiffs and Respondents, v. GEORGE KRONE et al., Defendants and Appellants.

COUNSEL

Seymour I. Amster for Defendants and Appellants.

Rentzer & Rentzer for Plaintiffs and Respondents.

OPINION

BOREN, J.—Appellant[1] challenges the trial court's power to amend nunc pro tunc a default judgment entered against him. Appellant claims that the judgment being amended was void because it was rendered during the pendency of his bankruptcy, in violation of the automatic stay provisions of the federal bankruptcy law (11 U.S.C.A. § 362). From this, appellant concludes that the trial court had no jurisdiction to amend a void order.

FACTS

Respondents Garbis Tarakjian and Garbis Jewelers filed their suit for breach of contract, fraud, money and conversion on February 1, 1982, erroneously spelling appellant's name in the summons and complaint as "Kron." Appellant does not dispute that the correct spelling of his name is "Krone." Nor does he dispute that he is in fact the individual respondents meant to sue.

Two years later, in March 1984, George Krone filed for bankruptcy, thereby staying all proceedings against him and his property. Respondents claim that they had no notice of the pendency of appellant's bankruptcy because they were not listed as creditors in appellant's bankruptcy petition.[2] Appellant does not dispute that his bankruptcy petition failed to list respondents as creditors, despite their pending lawsuit against him.

---

[1] George J. Krone, The George Krone Galleries, George Krone and Son Galleries, and Krone and Son Galleries have all appealed. However, to ease some of the confusion, they will collectively be called "appellant," since it appears that only Mr. Krone's individual bankruptcy is at issue.

[2] Appellant contends that respondents knew of his bankruptcy. However, nothing in the designated appellate record supports his contention.

Respondents obtained a default against "George Kron" and his businesses in the amount of $75,500 on December 14, 1984. On June 20, 1986, respondents sought to amend the judgment nunc pro tunc to reflect the proper spelling of appellant's name by bringing a motion pursuant to Code of Civil Procedure section 473. In opposition to the motion, appellant filed papers claiming that the judgment against him was void because it was entered during his bankruptcy; therefore, the court could not amend the void order. At the same time, appellant filed a declaration stating that his bankruptcy case had been dismissed on June 10, 1986.

At the hearing on respondents' motion on July 3, 1986, the trial court focused on two issues: first, whether there was a bankruptcy proceeding pending at the time it rendered judgment against appellant, and, second, whether a creditor who is not named in a bankruptcy petition is barred from continuing his action. The court allowed appellant two weeks to provide supplemental papers addressing these issues, but ultimately allowed the correction of appellant's name as requested by respondents.

## DISCUSSION

■ We note that our review of this case does not usurp the domain of the federal bankruptcy courts for two reasons. First, appellant does not claim that he is currently in bankruptcy, which would give the federal courts jurisdiction over any matter affecting his property. Second, once the bankruptcy court dismissed appellant's petition, it lost jurisdiction to make rulings regarding the automatic stay provisions of United States Code Annotated section 362 (*In re Income Property Builders, Inc.* (9th Cir. 1982) 699 F.2d 963, 964), and appellant does not claim that the bankruptcy court expressly retained jurisdiction for any reason at the time of the dismissal (*Matter of Mandalay Shores Co-Op. Housing Ass'n* (M.D. Fla. 1986) 60 Bankr. 22, 23). Thus, there does not appear to be any reason why this matter may not now be decided by the state courts.

We are convinced that the trial court's determination in this case is consistent with federal cases interpreting both the effect of filing a bankruptcy petition which fails to list a known creditor, and the effect of an order from the bankruptcy court dismissing a debtor's petition.

The federal courts have held debtors to a standard of reasonable diligence in ascertaining and listing all creditors in the bankruptcy petition, refusing to allow debts that were not listed—either knowingly or unwittingly—to be

added belatedly to a petition after it has been discharged if the creditors had no formal or constructive knowledge of the bankruptcy. (*In re Gray* (D.R.I. 1986) 57 Bankr. 927, 930-932, affd. (D.R.I. 1986) 60 Bankr. 428.)

■ Unsurprisingly, a debtor may not be penalized for failing to list in his petition a person or company who simply did not exist as a creditor at the time the petition was filed, whose claim against the debtor arose *after* bankruptcy proceedings began. (See *In re Seafarer Fiberglass Yachts, Inc.* (E.D. N.Y. 1979) 1 Bankr. 358, 361, 363.) ■■■ That was clearly not the case here, where respondents filed suit—and thus became known creditors[3]—two years before appellant filed his bankruptcy petition.

One federal court has found that the debtor's failure to list a creditor in his petition was irrelevant when the creditor essentially seized funds deposited by the debtor in his bank account during the pendency of bankruptcy proceedings. (*In re Garcia* (N.D. Ill. 1982) 23 Bankr. 266.)

The *Garcia* case, upon which appellant relies, is inapposite here. Respondents are not attempting to seize funds from appellant while his business affairs are in the process of being reorganized in bankruptcy. ■ On the contrary, appellant is admittedly not in bankruptcy, his petition having been dismissed in June 1986: "After an order of dismissal, the debtor's debts and property are subject to general laws, unaffected by bankruptcy concepts." (*In re Income Property Builders, Inc., supra,* 699 F.2d at p. 965 (on petition for rehearing).)

■ In sum, we find that appellant failed in his duty to list a known creditor in his bankruptcy petition, and, by his silence, led respondents to proceed in ignorance to a final judgment in state court. Because of his tacit consent to the state court judgment, appellant may not now assert the automatic bankruptcy stay provision in a belated attempt to bar respondents' collection efforts, particularly since the bankruptcy court's dismissal order releases appellant's property from the strictures of bankruptcy concepts.

---

[3]The record is silent as to whether appellant knew of respondents' lawsuit against him, but we are required to presume that he did have knowledge of it insofar as this presumption supports the trial court's order. (*Wilson* v. *Sunshine Meat & Liquor Co.* (1983) 34 Cal.3d 554, 563 [194 Cal.Rptr. 773, 669 P.2d 9].) Appellant also conceded at oral argument that he knew of the existence of the lawsuit at the time he filed for bankruptcy.

Accordingly, the trial court did not abuse its discretion by amending the default judgment nunc pro tunc to reflect the proper spelling of appellant's name.

## DISPOSITION

The judgment is affirmed.

Feinerman, P. J., and Hastings, J.,* concurred.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.