USCA1 Opinion

 

 October 28, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1499 BERENICE MARY GORCZAKOSKI, Appellant, v. EASTERN AIRLINES FEDERAL FINANCIAL CREDIT UNION, INC., Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Douglas P. Woodlock, U.S. District Judge] ___________________ ____________________ Before Cyr, Boudin and Stahl, Circuit Judges. ______________ ____________________ Berenice Mary Gorczakoski on brief pro se. _________________________ Geoffrey P. Wermuth and Murphy, Hesse, Toomey & Lehane on brief ____________________ ________________________________ for appellee. ____________________ ____________________ Per Curiam. Plaintiff has appealed from an order of the __________ bankruptcy court granting relief from the automatic stay in her Chapter 7 bankruptcy proceeding. While this appeal was pending before the district court, plaintiff's Chapter 7 petition was dismissed by the bankruptcy court; no appeal from such dismissal was ever filed. We agree with the district court that, once the dismissal of the underlying bankruptcy proceeding became final, the instant appeal became moot. As the court stated under analogous circumstances in In re Income Property Builders, Inc., 699 F.2d 963 (9th Cir. _____________________________________ 1982) (per curiam): [T]he automatic stay provided in 11 U.S.C. 362(a) was dependent upon the operation of the bankruptcy law, and that law was pertinent only because of the existence of the proceeding in bankruptcy.... Any power that we have with respect to the stay is derived from our appellate power in bankruptcy matters. Once the bankruptcy was dismissed, a bankruptcy court no longer had power to order the stay or to award damages allegedly attributable to its vacation. A remand by us to the bankruptcy court would therefore be useless. Id. at 964; accord, e.g., Olive Street Invest., Inc. v. ___ ______ ____ ____________________________ Howard Savings Bank, 972 F.2d 214, 215-16 (8th Cir. 1992) ___________________ (per curiam); In re Universal Farming Indus., 873 F.2d 1332, ______________________________ 1333 (9th Cir. 1989); cf. In re Public Service Co. of New ___ _________________________________ Hampshire, 963 F.2d 469, 471 (1st Cir.) (noting that mootness _________ obtains "where no effective remedy can be provided"), cert. _____ denied, 113 S. Ct. 304 (1992).  ______ We likewise agree that, in any event, the bankruptcy judge did not abuse its discretion in granting relief from the automatic stay. The judgment dismissing the appeal on the ground of ________________________________________________________ mootness is affirmed. The motion to reconsider hearing oral _____________________________________________________________ argument is denied.  ___________________ -3-