**In re BLI FARMS, a Partnership, Richard Jerry Bli, Charlotte Bli, James and Pearl Bli, Debtors.**

**Bli Farms (consolidated Debtor), Plaintiff,**

v.

**Greenstone Farm Credit Services, FLCA, and its assignee, USA Farm Service Agency, Defendants.**

**Bankruptcy No. 01–22628. Adversary No. 02–2098.**

United States Bankruptcy Court, E.D. Michigan, Northern Division.

June 26, 2003.

Daniel L. Kraft, The Kraft Law Firm, Lansing, MI, for Debtors.

Jill M. Gies, United States Trustee's Office, Detroit, MI, U.S. Trustee.

*OPINION REGARDING COURT'S CONTINUING JURISDICTION OVER THIS ADVERSARY PROCEEDING AND GRANTING PLAINTIFFS' EX–PARTE MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL*

WALTER SHAPERO, Bankruptcy Judge.

The procedural history of this consolidated bankruptcy case is summarized as follows:

| Case Name/Number | Description | Date |
| --- | --- | --- |
| Richard Jerry Bli Case No. 01–20988 | Chapter 11 filing | 3/30/2001 |
| James & Pearl Bli Case No. 01–21070 | Chapter 11 filing | 4/6/2001 |
| Charlotte Bli Case No. 01–21069 | Chapter 11 filing | 4/6/2001 |

Substantively consolidated case of
 Richard Bli, James & Pearl Bli,

| Case Name/Number | Description | Date |
|---|---|---|
| and Charlotte Bli Case No. 01–20988 | Order substantively consolidating above 3 Chapter 11 cases | 7/12/2001 |
| Bli Farms, a Partnership Case No. 01–22628 | Chapter 11 filing | 8/31/2001 |
| Substantively consolidated case of Richard Bli, James & Pearl Bli, Charlotte Bli, and Bli Farms; Case No. 01–22628 | Order substantively consolidating the consolidated case of the individuals and the partnership case | 10/26/2001 |

This adversary proceeding was commenced on September 25, 2002. In it, Debtors (including Charlotte Bli), as Plaintiffs, sought declaratory relief in the form of a preliminary injunction and requested an immediate temporary restraining order to declare invalid a foreclosure sale of two parcels of real property owned by Debtor Charlotte Bli. The complaint asks the Court to find that the reinstatement operates to retroactively impose the automatic stay so that the stay would be considered to have been continuously in effect from the date of the prior dismissal date. A foreclosure sale occurred on a date falling between the initial case dismissal and its subsequent reinstatement, and thus the effect of Plaintiffs prevailing would be to arguably void that foreclosure sale. The Court denied Plaintiffs' preliminary injunction request on November 5, 2002. Defendants then filed motions for summary judgment, which the Court granted in favor of Defendant Greenstone on January 16, 2003, and Defendant USA on May 21, 2003. Plaintiffs' appeal of the summary judgment for Greenstone was dismissed by the District Court for want of prosecution. Plaintiffs are now are attempting to appeal the Court's May 21, 2003, order for summary judgment for Defendant USA. Debtors' counsel received that order on or about May 22, 2003. On June 12, 2003, the entire bankruptcy case was dismissed.

*Jurisdiction*

 The June 12, 2003, Order of Dismissal of the entire consolidated bankruptcy case, did not include any language retaining jurisdiction over any pending adversary proceeding or any other matter. A threshold issue is whether this adversary proceeding can or should proceed (and, thus, whether the Court even has jurisdiction to decide the pending motion) due to the dismissal of the bankruptcy case. Case law generally holds that when a bankruptcy proceeding is dismissed, dismissal of all related proceedings automatically results. *See, e.g., In re Statistical Tabulating Corp., Inc.,* 60 F.3d 1286, 1289 (7th Cir.1995) (holding that if the underlying bankruptcy case is dismissed, related adversary proceedings must also be dismissed because "federal jurisdiction is premised upon the nexus between the underlying bankruptcy case and the related proceedings"). If the issues involved in the adversary proceeding are dependent upon the existence of the bankruptcy, i.e., dismissal of the bankruptcy case moots the underlying controversy in the related adversary proceeding, then the adversary proceeding is properly dismissed. *Id.* (citing *In re Income Property Builders, Inc.,* 699 F.2d 963 (9th Cir.1982)). However, exceptions to this general rule do exist, the most common being if the Court had specifically retained jurisdiction of this adversary proceeding in its dismissal order, which in this case, it did not. *Id.* at 1289. The Court may also look to other factors, which have been cited as determinative on this issue: "1) judicial economy; 2) fairness and convenience to the litigants; 3) the degree of difficulty of the related legal

issues involved." *Fidelity & Deposit Co. Of Md. v. Morris (In re Morris)*, 950 F.2d 1531, 1535 (11th Cir.1992).

■ · In the present case, dismissal of the bankruptcy did not bring about a full resolution of all disputes between the parties in this adversary proceeding; rather, the issue in this adversary proceeding is whether the foreclosure sale was valid, which in turn depends on whether as a matter of bankruptcy law, the reinstatement of the previously dismissed case operates retroactively for automatic stay purposes to the initial dismissal date. In a real sense it is an issue that can stand independently of the pendency of the bankruptcy today. Disposition of that issue can and should proceed irrespective of the recent dismissal, without the existence of the bankruptcy case. To decide otherwise would, among other things, leave the parties likely arguing the same issues in a state court about a pure bankruptcy law issue-a situation while not unheard of and within the legal competence of state courts, is nevertheless one where state courts are often disinclined to act, and the indicated factors militate in favor of this Court retaining jurisdiction by way of an appropriate exception to the general rule. Accordingly, the Court holds that it will retain jurisdiction over this adversary proceeding also keeping in mind that what is involved is a straightforward, discreet, essentially legal (bankruptcy law) question, which, when disposed of, will define the postures of the parties as to the status of the foreclosure involved.

*Motion to Extend Time to File Notice of Appeal*

■ Plaintiffs filed a notice of appeal on June 10, 2003, more than 10 days, but less than 20 days, after the May 21, 2003 judgment. Fed. R. Bankr.P. 8002(c)(2), requires a showing of "excusable neglect" to effectuate the tardy filing of the appeal. The Court has considered Plaintiffs' Motion and the oral argument of the parties at the hearing which took place on June 13, 2003.

In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 398, 113 S.Ct. 1489, 1499, 123 L.Ed.2d 74 (1993), the United States Supreme Court examined the standard of "excusable neglect" under Fed. R. Bankr.P. 9006(b)(1), and held that whether neglect can be considered "excusable" is an equitable determination, "taking account of all relevant circumstances surrounding the party's omission." The *Pioneer* Court specifically articulated the following factors to be among those relevant in this determination: 1) danger of prejudice to the debtor; 2) the length of delay and the potential impact on judicial proceedings; 3) the reason for the delay, including whether it was within the reasonable control to the movant; and 4) whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395, 113 S.Ct. 1489.

"Neglect" by Plaintiffs' counsel is present here. The question is, however, whether that neglect was "excusable" under the cited standards. *Pioneer* involved Rule 9006(b)(1). This case involves Rule 8002(c)(2). Both rules utilize the phrase "excusable neglect," and the Court concludes that the analysis should be the same under both of those rules. This Court reads *Pioneer* to require consideration of all of the relevant facts and circumstances, including, the four factors specifically above referred to in the course of coming to a conclusion that is otherwise equitable, and, in the process, giving such weight to each of the various factors considered as the Court deems appropriate.

In this case, it is conceded by Defendant USA that: there is relatively greater prejudice to the Debtor than to it if the appeal

is not allowed to proceed; the length of delay is short; there will be minimal impact on the judicial proceedings (particularly because the bankruptcy case itself is now dismissed). Thus, all of the specific factors mentioned in *Pioneer,* save one, favor the movant in this case (and the Court does not see the existence of any other circumstances that materially bear on the result). This remaining factor has been referred to as the "law practice upheaval" or "extremely busy" factor. That is a factor which has been emphasized in various cases (and this case as well) that have found the neglect inexcusable, with an overlay in this case to the effect that counsel for Debtors is a sole practitioner and was spending much of his time during the 10–day appeal period in this Court in hearings on various aspects of this very same bankruptcy case. The Supreme Court in *Pioneer* and later lower court cases in this circuit have given the "law practice upheaval" excuse short shrift, or, in the words of the Supreme Court itself, such is deserving of "little weight." *Pioneer,* 507 U.S. at 398, 113 S.Ct. 1489.

It is true that the motion to extend the time to file an appeal or the actual notice of appeal itself could have been filed within the 10–day period in this case, notwithstanding how counsel was busy or preoccupied with this case or any other matter, i.e., the filing was within counsel's control and could have been accomplished timely. What saves the day for counsel, however, is that this factor should not be seen or considered as outweighing all of the other indicated factors, all of which favor a finding of "excusable neglect" and an otherwise appropriate equitable conclusion on the facts of this case. To be sure, the Court in *Pioneer* did mention the fact that the notice of the applicable deadline involved in that case was peculiar and inconspicuous, as part of its rationale, (which is not the case here where the order appeal-ed from was both clear and received shortly after its entry). It is equally clear, however, at least to this Court, that such was neither the fulcrum of the *Pioneer* Court's conclusion, nor was its mention intended to exclude reliance on, or consideration of, or according appropriate weight to, the other factors the Court articulated as also, and properly, bearing on the ultimate result. The Court therefore concludes the facts of this case do constitute "excusable neglect," and the Debtors' motion to extend the time to file a notice of appeal pursuant to Rule 8002(c)(2) is granted. Accordingly, the Notice of Appeal filed by Debtors on June 10, 2003, was timely filed.

An appropriate order will enter contemporaneous with this Opinion.