NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | | |
|---|---|---|
| In re: | ) | BAP No. CC-11-1121-PePaH |
| | ) | |
| BAY VISTA APARTMENTS, LLC, | ) | Bk. No. 10-51176-BB |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| BAY VISTA APARTMENTS, LLC, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FEDERAL NATIONAL MORTGAGE | ) | **MEMORANDUM**[1] |
| ASSOCIATION, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Argued and Submitted on
November 16, 2011 at Pasadena, California

Filed -December 19, 2011

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Sheri Bluebond, Bankruptcy Judge, Presiding
_____

Appearances: Phillip D. Dapeer, Esq. on brief for Appellant;
Anthony Jude Napolitano, Esq. of Buchalter Nemer, PC
argued for the Appellee.
_____

Before: PERRIS,[2] PAPPAS, and HOLLOWELL, Bankruptcy Judges.

_____

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

[2] Hon. Elizabeth L. Perris, Bankruptcy Judge for the District of Oregon, sitting by designation.

Debtor, Bay Vista Apartments ("debtor"), seeks reversal of the bankruptcy court's order granting relief from stay to Federal National Mortgage Association ("FNMA") under 11 U.S.C. § 362(d)(2).[3] During the pendency of this appeal, an order of dismissal was entered in the bankruptcy case. Consequently, we DISMISS this appeal as moot.

FACTS

On September 27, 2010, debtor filed its chapter 11 single-asset real estate bankruptcy case. Debtor's real estate is an apartment complex ("the Property").

FNMA held a first priority lien on the Property. FNMA filed a motion for relief from stay, which the bankruptcy court granted under § 362(d)(2) after extensive briefing and a hearing.

Debtor timely filed its notice of appeal from the order and filed an emergency motion in the bankruptcy court for stay pending appeal that the court denied.[4] Debtor then filed a motion for stay pending appeal with this panel, which also denied debtor's motion. FNMA subsequently conducted a foreclosure sale of the property at which FNMA purchased the property.

On November 14, 2011, on a motion from the United States

---

[3] Unless otherwise indicated, all chapter, section, and rule references are to the Bankruptcy Code, 11 U.S.C. § 101 et seq. and the Federal Rules of Bankruptcy Procedure.

[4] The motion for stay pending appeal also sought amendment of the order granting relief from stay, which originally reflected, erroneously, that the motion was unopposed. That portion of the motion was granted and an amended order granting relief from stay was entered on March 21, 2011.

Trustee, the bankruptcy court dismissed the bankruptcy case. Debtor did not file a notice of appeal from the order of dismissal.

JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction over final orders under 28 U.S.C. § 158, but lack jurisdiction to hear moot appeals. United States v. Pattullo (In re Pattullo), 271 F.3d 898, 900 (9th Cir. 2001). If an appeal becomes moot while it is pending before us, we must dismiss it. Id. This panel has jurisdiction to determine our jurisdiction. Hupp v. Educ. Credit Mgmt. Corp. (In re Hupp), 383 B.R. 476, 478 (9th Cir. BAP 2008).

ISSUE

Whether the bankruptcy court's dismissal of the bankruptcy case rendered this appeal moot.

DISCUSSION

It is well established that we lack jurisdiction to hear moot appeals. In re Pattullo, 271 F.3d at 900 (9th Cir. 2001)(quoting Koppers Indus., Inc. v. U.S. E.P.A., 902 F.2d 756, 758 (9th Cir. 1990).

Dismissal of the bankruptcy case raises the question of whether this appeal is now moot.

> In the bankruptcy context the determination of whether a case becomes moot on the dismissal of the bankruptcy hinges on the question of how closely the issue in the case is connected to the underlying bankruptcy. When the issue being litigated directly involves the debtor's reorganization, the case is mooted by dismissal of the bankruptcy.

Spacek v. Thomen (In re Universal Farming Indus.), 873 F.2d 1334,

3

1335 (9th Cir. 1989)(internal citations omitted).

In Armel Laminates, Inc. v. Lomas & Nettleton Co. (In re Income Prop. Builders, Inc.), 699 F.2d 963, 964 (9th Cir. 1983), the Ninth Circuit held that

> the automatic stay provided in 11 U.S.C. § 362(a) was dependent on the operation of the bankruptcy law, and that law was pertinent only because of the existence of the proceeding in bankruptcy. The order granting the stay was made in the exercise of a power conferred by bankruptcy law. Any power that we have with respect to the stay is derived from our appellate power in bankruptcy matters. Once the bankruptcy was dismissed, a bankruptcy court no longer had power to order the stay . . . . A remand by us to the bankruptcy court would therefore be useless.

The facts of Income Prop. Builders are similar to those in the present case. Appellants in Income Prop. Builders sought reinstatement of the automatic stay, 699 F.2d at 964, as debtor effectively does in the present case. In Income Prop. Builders, the underlying bankruptcy case was dismissed. 699 F.2d at 964. In this case, the bankruptcy court entered its order dismissing the case on November 14, 2011.

As in Income Prop. Builders, in this case the time allowed for appeal of the order dismissing the case has expired. Under Rule 8002(a), a notice of appeal must be filed "within 14 days of the date of the entry of the judgment, order, or decree appealed from." Debtor failed to file such notice. The court in Income Prop. Builders noted that, if it "had some power to restore the bankruptcy proceeding, the situation would be different, but there is no appeal from the order dismissing [the bankruptcy proceeding.]" 699 F.2d at 964. The same logic applies in this case. The bankruptcy case is

4

beyond "restoration" because debtor did not appeal the order of dismissal.

# CONCLUSION

This appeal is moot. As in <u>Income Prop. Builders</u>, debtor's appeal seeks reinstatement of the automatic stay after the bankruptcy case has been dismissed. A stay requires the existence of a bankruptcy case, and this Panel cannot reinstate the stay once the bankruptcy case has been dismissed. Accordingly, we DISMISS this appeal as moot.