**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: GAREGIN PAPAZOV,<br><br>Debtor,<br><br>———————————————<br><br>ELIZABETH GOLDENBERG, Trustee,<br><br>Appellant,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST CO.,<br><br>Appellee. | No. 13-60086<br><br>BAP No. 12-1584<br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher, Dunn, and Clement, Bankruptcy Judges, Presiding

Submitted July 9, 2015[**]
Pasadena, California

Before: REINHARDT, TASHIMA, and CLIFTON, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Trustee Elizabeth Goldenberg appeals the Bankruptcy Appellate Panel's denial of her motion to reopen debtor Garegin Papazov's Chapter 7 bankruptcy case. We affirm.

Appellant lacks Article III standing because she has not suffered an injury in fact. *See Sprint Commc'ns Co. v. APCC Serv., Inc.*, 554 U.S. 269, 273 (2008). Appellant had no legal relationship with Papazov, was not negatively affected by Papazov's bankruptcy case, and suffered no perceivable injury in fact. Even assuming that Appellant had standing, we would affirm.

Appellant claims she is a party in interest capable of reopening Papazov's bankruptcy case under 11 U.S.C. § 350(b) and Federal Rule of Bankruptcy Procedure 5010 ("Bankruptcy Rule 5010"). Appellant's argument fails on two alternative grounds.

First, Appellant lacked standing to reopen Papazov's bankruptcy case as a party in interest. Bankruptcy Rule 5010 allows a debtor or other party in interest to reopen a bankruptcy case under § 350(b), but the provision does not define party in interest. Fed. R. Bankr. P. 5010; 11 U.S.C. § 350(b) (2015). We look instead to 11 U.S.C. § 1109(b), which identifies a party in interest as "the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee." 11 U.S.C. § 1109(b) (2015). The

2

§ 1109(b) list is not exclusive, and "courts must determine on a case by case basis whether the prospective party has a sufficient stake in the proceedings so as to require representation." *Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.),* 677 F.3d 869, 884 (9th Cir. 2012) (citing *In re Amatex Corp.*, 755 F.2d 1034, 1042 (3rd Cir. 1985)).

Appellant was not Papazov's debtor, trustee, creditors' committee, equity security holders' committee, creditor, equity security holder, or indentured trustee. § 1109(b). Appellant was not otherwise included within the term party in interest because she lacked a sufficient stake in Papazov's bankruptcy proceeding. *In re Thorpe Insulation Co.*, 677 F.3d at 884. The 8383 Grand View Drive property was subject to foreclosure due to the default in payments on the Lukashin note. That property was owned by the Goldenberg Family Trust both before and after the filing of Papazov's bankruptcy petition. It was not owned by Papazov. His bankruptcy should have had no impact on that property or any other rights of Appellant. Specifically, the order granting the motion for relief from the automatic stay under 11 U.S.C. § 362 ("Order") never affected Appellant because there was no automatic stay in place from which relief was required. Appellant's only perceivable grievance is that Deutsche Bank National Trust Company may have

3

exaggerated the scope of the Order in a California state court proceeding, but that could properly be dealt with by the state court.

Second, Appellant may not reopen Papazov's bankruptcy case under § 350(b) because it was never closed pursuant to § 350(a). *See* 11 U.S.C. § 350 (2015); *Armel Laminates, Inc. v. Lomas & Nettleton Co. (In re Income Property Builders, Inc.)*, 699 F.2d 963, 965 (9th Cir. 1982) (finding that a bankruptcy case may not be reopened under § 350(b) unless it was closed, as opposed to dismissed, under § 350(a)). As such, the Bankruptcy Appellate Panel properly dismissed Appellant's claim. Appellant has not contested this alternative ground of dismissal and has therefore waived the issue.

**AFFIRMED.**