**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. CC-18-1132-KuTaF |
| ETTA HINDRA, | Bk. No. 2:16-bk-10297-SK |
| Debtor. | |
| ETTA HINDRA, | |
| Appellant, | |
| v. | **MEMORANDUM**[*] |
| KATHY A. DOCKERY, Chapter 13 Trustee; UNITED STATES TRUSTEE; DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Morgan Stanley Mortgage Loan Trust 2005-6AR, | |
| Appellee. | |

Argued and Submitted on January 24, 2019
at Pasadena, California

Filed – January 29, 2019

_____

[*]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Sandra R. Klein, Bankruptcy Judge, Presiding

_____

Appearances:     Appellant Etta Hindra argued pro se.

_____

Before: KURTZ, TAYLOR, and FARIS, Bankruptcy Judges.

Debtor Etta Hindra appeals from the bankruptcy court's order denying her motion to vacate dismissal and reopen her bankruptcy case. We AFFIRM.

**FACTS**

In January 2016, Ms. Hindra filed an incomplete chapter 13[1] case with the help of an attorney. A few weeks later, she filed her chapter 13 plan and other required documents. Shortly after, Ms. Hindra substituted in pro se.

Deutsche Bank National Trust Company as Trustee for Morgan Stanley Mortgage Loan Trust 2005-6AR, its assignees and/or successors, by and through its servicing agent PNC Mortgage, a division of PNC Bank, N.A. (Deutsche), objected to confirmation of Ms. Hindra's plan because (1) it failed to provide for payment on almost $300,000 in pre-petition arrearages owed to Deutsche on her home mortgage; and (2) it was not

_____

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and "Rule" references are to the Federal Rules of Bankruptcy Procedure.

feasible due to Ms. Hindra's monthly disposable income of $405. CAM XIV Trust objected to Ms. Hindra's plan on similar grounds. The chapter 13 trustee (Trustee) also objected to her plan on several grounds, including Ms. Hindra's failure to (1) disclose numerous claims; (2) provide information regarding her previous bankruptcies; and (3) provide evidence of plan payments.

At the confirmation hearing, Trustee's counsel recommended dismissal of Ms. Hindra's case based on feasibility and requested a 180-day bar due to her failure to disclose claims which she had scheduled in a prior bankruptcy case and based on her filing history. The bankruptcy court entered an order dismissing the case with a 180-day bar.

Thereafter, Ms. Hindra filed a motion to vacate the dismissal, which the bankruptcy court denied. At the same time, the bankruptcy court declined to retain jurisdiction over an adversary proceeding and issued an order dismissing it.[2]

Ms. Hindra appealed these orders to the Bankruptcy Appellate Panel (BAP). The BAP dismissed both appeals for failure to prosecute.

On March 2, 2017, the bankruptcy court clerk's office entered an order closing Ms. Hindra's bankruptcy case.

---

[2]Ms. Hindra had filed an adversary complaint against Deutsche and others alleging that the defendants lacked standing to foreclose on her property and violated multiple federal and state laws.

A few days later, Ms. Hindra appealed the BAP's dismissals of her appeals to the Ninth Circuit. The Ninth Circuit eventually dismissed the appeals.

In April 2017, Ms. Hindra filed a motion to reopen her bankruptcy case. The bankruptcy court entered an order granting the motion. Ms. Hindra then filed a request to vacate the dismissal of her case. She did not notice the motion for hearing. In March 2018, her case was again closed.

She then filed the motion to vacate the dismissal and reopen her bankruptcy case which is connected to this appeal. Her motion was based on the following: her computer was stolen which prevented her from filing her motion to vacate and reopen sooner, she had filed a motion to reinstate the appeals in the Ninth Circuit, and the bankruptcy court would be able to reverse its own judgment.

At the May 10, 2018 hearing, the bankruptcy court denied her motion. First, the court noted that under its local bankruptcy rule (LBR) 5010-1(a), a motion to reopen must not contain a request for any other relief, and a request for relief other than the reopening of a case (including relief based on the grounds for reopening) must be made in a separate motion or adversary proceeding which may be filed concurrently with the motion to reopen. Since Ms. Hindra's motion contained a request for relief from the dismissal order in addition to the request that the case be reopened, the court stated that it should not consider or rule on her request

4

to vacate the dismissal order.

Further, the court observed that Ms. Hindra appealed the order dismissing her case and the order dismissing her adversary proceeding to the BAP and the Ninth Circuit without success. Therefore, both orders were final.

Finally, applying the standards for reopening a bankruptcy case, the court found no purpose would be served by reopening the case. In addition, because Ms. Hindra's case was dismissed, it was not fully administered and thus could not be reopened under § 350(b).

Ms. Hindra filed a timely appeal from the bankruptcy court's order denying her motion to vacate dismissal and reopen the bankruptcy case.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(1). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether the bankruptcy court erred in denying Ms. Hindra's motion to vacate dismissal and reopen the bankruptcy case.

## STANDARD OF REVIEW

We review for an abuse of discretion the bankruptcy court's application of its local rules. *See United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). We also review for abuse of discretion the denial of a motion to reopen a bankruptcy case. *Staffer v. Predovich (In re Staffer)*, 306

5

F.3d 967, 971 (9th Cir. 2002).

A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if it makes factual findings that are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *See TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011) (citing *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

## DISCUSSION

The bankruptcy court did not err in denying Ms. Hindra's request to vacate the dismissal of her case. Ms. Hindra sought to vacate the dismissal in the motion where she also requested reopening of her bankruptcy case. Under LBR 5010–1(a), "The motion [to reopen a closed bankruptcy case] must not contain a request for any other relief." Under LBR 5010–1(b), "A request for any relief other than the reopening of a case, including relief based upon the grounds for reopening the case, must be made in a separate motion or adversary proceeding, which may be filed concurrently with the motion to reopen." Pursuant to LBR 5010-1(a) and (b), the bankruptcy court was well within its discretion to deny Ms. Hindra's request to vacate the dismissal of her bankruptcy case. Furthermore, Ms. Hindra had previously appealed the dismissal order to the BAP and the Ninth Circuit and was unsuccessful. There was thus no reason for the bankruptcy court to vacate the order.

The bankruptcy court also did not abuse its discretion by denying Ms. Hindra's motion to reopen her case because the statute precluded her from doing so. Section 350(a) provides that a case shall be closed "[a]fter an estate is fully administered and the court has discharged the trustee[.]" The Ninth Circuit has held that a "dismissed" case cannot be reopened under § 350(b) because it was not "closed" under § 350(a) following the administration of the estate. *Armel Laminates, Inc. v. Lomas & Nettleton Co. (In re Income Prop. Builders, Inc.)*, 699 F.2d 963, 965 (9th Cir. 1982) (per curiam). Ms. Hindra's case was dismissed upon Trustee's request for numerous reasons including, among others, her failure to make disclosures and provide information regarding her previous cases. Her case was not closed following the administration of her estate and thus could not be reopened under § 350(b).

We have liberally construed Ms. Hindra's pleadings due to her pro se status. *Kashani v. Fulton (In re Kashani)*, 190 B.R. 875, 883 (9th Cir. BAP 1995). Nonetheless, even the most liberal reading of her pleadings reveals no arguments relevant to the order on appeal. We disregard these irrelevant arguments. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

## CONCLUSION

For the reasons stated, we AFFIRM.