**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

In re: MARYNA KOVAL,

  Debtor,

———————————————————

MARYNA KOVAL,

  Appellant,

  v.

ROEL ENTERPRISES, INC.,

  Appellee.

No.  22-55720

D.C. No. 2:21-cv-09568-DOC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted August 24, 2023[**]
Pasadena, California

Before:  RAWLINSON and BRESS, Circuit Judges, and ZOUHARY,[***] District
Judge.

---

  [*]  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  [**]  The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

  [***]  The Honorable Jack Zouhary, United States District Judge for the
Northern District of Ohio, sitting by designation.

Maryna Koval appeals a district court order dismissing as moot her appeal of a bankruptcy court order. We have jurisdiction under 28 U.S.C. § 158(d)(1). We "review legal conclusions concerning mootness *de novo* and factual findings concerning mootness for clear error." *Rocky Mountain Farmers Union v. Corey*, 913 F.3d 940, 949 (9th Cir. 2019). We affirm.

The bankruptcy court issued an order confirming that no automatic stay had been triggered by Koval's bankruptcy petition because Koval had filed a joint petition with her husband, Anatoliy Chizmar, who had had two earlier bankruptcy petitions dismissed within the previous year. *See* 11 U.S.C. § 362(c)(4)(a)(i) (providing that no automatic stay shall go into effect "if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed"). Such "comfort orders" are specifically authorized by statute. *See* 11 U.S.C. § 362(c)(4)(A)(ii).

Koval appealed the comfort order to the district court, which dismissed the appeal as moot because the bankruptcy court had by then dismissed the underlying bankruptcy case in which the order had been issued. Koval had not appealed from the dismissal of her bankruptcy case, nor did she seek a stay of the comfort order pending appeal. In the meantime, Roel, through a state court unlawful detainer action, successfully obtained possession of the residential property to which Koval

2

claims an interest, a foreclosure Koval was trying to avoid through imposition of an automatic stay.

A case is moot if "it is 'impossible for a court to grant any effectual relief whatever' to [the party seeking relief] assuming it prevails." *Mission Prod. Holdings, Inc. v. Tempnology, LLC*, 139 S. Ct. 1652, 1660 (2019) (quoting *Chafin v. Chafin*, 568 U.S. 165, 172 (2013)). Thus, "[i]n a bankruptcy appeal, when the underlying bankruptcy case is dismissed and that dismissal is allowed to become final, there is likely no longer any case or controversy with respect to issues directly involving the reorganization of the estate." *In re Castaic Partners II, LLC* (*Castaic*), 823 F.3d 966, 969 (9th Cir. 2016) (quotation omitted).

In *Castaic*, we held that an appeal from a bankruptcy court order providing relief from 11 U.S.C. § 362(a)'s automatic stay is mooted by the dismissal of the underlying bankruptcy case in which the order was issued. *See id.* at 968–69. That is because, in light of the dismissal of the bankruptcy case, the "bankruptcy court no longer ha[s] power to order [a] stay or to award damages allegedly attributable to its vacation." *Id.* at 969 (second alteration in original) (quoting *Armel Laminates, Inc. v. Lomas & Nettleton Co.* (*In re Income Prop. Builders, Inc.*), 699 F.2d 963, 964 (9th Cir. 1982) (per curiam)). And, "[a]bsent an appeal from the dismissal order[], we have no power to restore the bankruptcy proceeding." *Id.*

Koval's appeal of the bankruptcy court's comfort order is thus clearly moot.

While Koval's appeal was pending before the district court, the bankruptcy court dismissed the underlying bankruptcy case in which the order had been issued, and Koval allowed that order to become final without appealing it.

Contrary to Koval's argument, Ninth Circuit Bankruptcy Appellate Panel (BAP) precedent supports this conclusion. In *In re Nelson*, 391 B.R. 437 (Bankr. 9th Cir. 2008), the BAP confirmed that "[r]eview of orders entered in the administration of a bankruptcy case, since dismissed, is usually a fruitless pursuit," and thus the BAP could "grant no effective relief to the [debtors]" in their appeals of comfort orders issued in since-dismissed bankruptcy cases. *Id.* at 445. The BAP indicated that in some cases, a separate adversary proceeding seeking relief for an alleged violation of the automatic stay may not be mooted by the dismissal of the main related bankruptcy case. *See id.* at 443–44. But before the district court decided Koval's appeal, Koval's adversary complaint was "closed as moot," and Koval did not pursue any appeal of this closure. *Nelson* thus confirms that this appeal—which concerns only the bankruptcy court's comfort order—is moot. The appellant shall bear the costs on appeal.

**AFFIRMED.**[1]

---

[1] We deny as unnecessary to our decision Roel's motion to take judicial notice of a grant deed.